# W. TAYLOR HALL and THOMAS D. LONEY *vs.* FREDERICK SCHUCHARDT, and others.

## *Practice — Nonsuit — Trial of a cause by the Court without the aid of a Jury.*

An action against the drawees of a foreign bill of exchange was, under the Constitution, (Art. 4, sec. 8,) submitted to the Court for determination, without the aid of a jury. The plaintiffs, after admission by the defendants of the signatures of the drawees and endorsers of the bill, offered evidence of its protest for non-acceptance, and notice thereof to the defendants. Objections were made to the admissibility of this testimony, and after argument, the Judge sustained the objection to the protest, and ruled that either by itself or in connection with the other testimony it was inadmissible, and that *" the plaintiffs were not entitled to recover,"* but made no entry in the case. To this ruling the plaintiffs' counsel excepted, and asked the Court to suspend further proceedings until they could consult with their clients who resided in New York, whether they should submit to a *nonsuit*, with the expectation of supplying the requisite testimony, or suffer a judgment to be entered and take an appeal. To this the defendants' counsel objected, and said it was too late to move for a *non pros.* in a case submitted to the Court without a jury, after the Court had decided it. The Judge, however, said the plaintiffs had the right to *non pros.* the case, and granted the delay asked for. Subsequently, on the same day, the plaintiffs' counsel directed the entry of *non pros.*, and a judgment of *non pros.* was accordingly entered by the Court. On appeal by the defendants, it was HELD:

That the ruling by the Court, "*that the plaintiffs were not entitled to re-cover*," was not a verdict either in substance or in form, but the expres-sion of the opinion of the Judge as *a Court*, that the plaintiffs were not entitled to recover, to be afterwards enforced by his verdict or finding, as *a jury*, for the defendants, and an entry of judgment accordingly, intervening which the plaintiffs had the right to suffer a *nonsuit*.

The submission of a cause to the Court for trial, where the Judge acts both as Court and jury, does not deprive the plaintiff of his right to a *nonsuit*, and care should be taken to so conduct the trial as to afford him the same opportunity of exercising it, as if a jury were sworn.

APPEAL from the Superior Court of Baltimore City.

The cause was argued before BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Alex. H. Hobbs*, for the appellants.

Where a case is submitted to the Court, without the aid of a jury, its action, in the double capacity of Court and jury, is as final and conclusive, in every respect, as if a jury were duly sworn and empanneled; the Court, in such case, passes upon the law and fact *simultaneously*.   *Saulet vs. Shepherd*, 4 *Wall.* 502; *Dearing's Adm'x vs. Rucker*, 18 *Grattan*, 426.

As the Court, on all the evidence before it, decided that the appellees, the plaintiffs below, "had no standing in Court," and were not entitled to recover, the whole case was passed upon and disposed of; and being so passed upon and disposed of, it was too late to submit voluntarily, to a *nonsuit*.   The *technical* right of *nonsuit* cannot be exercised *after* the merits of the case have been determined.   3 *Abbott's National Digest*, 340; *Brightly's Federal Digest, title "Nonsuit,"* 675; *Stephens on Plead.*, 143; *Long vs. Thwing*, 9 *Ind.*, 179; *Doughty vs. Elliott*, 8 *Blackf.*, 406; *Outhwaite vs. Hudson*, 11 *Eng. L. & E.*, 564; *Robinson vs. Lawrence*, 7 *Eng. L. & E.*, 596; 7 *Bacon's Abr.*, 219, *title D*; 2 *Smith's Lead. Cases, mar.* 667 *and* 806, (6th *Am. Ed.*;) *Lawrin vs. Hanks*, 3 *McCord*, 559; 2 *Burrill's Law Dictionary, title "Nonsuit,"* 755; *Bowie, et al. vs. The Agricultural College*, 27 *Md.*, 276.

*Stewart Brown* and *George Wm. Brown*, for the appellees.

The appellees had the right to discontinue their case, and the judgment of *non pros.* was properly entered.

A plaintiff must be voluntarily present in Court before a verdict can be rendered against him, and it is at his option to *allow* the verdict to be rendered, or to discontinue his case.

Hence the practice of calling the plaintiff, who, *after* an adverse decision on the *law* or *evidence*, for the very purpose of preserving his remedy, and because of the certainty of an unfavorable result, by simply not answering, avails himself of his right. *Evans' Practice*, 314, 315, 400, 401, 402; 2 *Kinne's Law Comp.*, 281; 2 *Tidd's Practice*, 867, 868, *(mar.;)* *Broom's Common Law*, 183, (89 *Law Library*, 224, *marg.;*) 3 *Bouv. Inst.*, 530, 531; 1 *Arch. Nis. Prius*, 50, *(marg.;)* *Stephens on Pleading*, 346, *a*, and 143, *b*, *(marg.;)* 3 *Stephen's Com.*, 619.

This is the common law right of the plaintiff; it must be his voluntary act; it will not be done at the instance of the defendant, nor without the plaintiff's consent, any more than a verdict can be rendered against him unless he remains to hear it. This is the English doctrine and is expressly sanctioned by the Maryland cases. *Outhwaite vs. Hudson*, 7 *Exch.*, 380; *Robinson vs. Lawrence*, 7 *Exch.*, 123; *Stancliffe vs. Clarke*, 7 *Exch.*, 439-446; *Corsar vs. Reed*, (17 *Q. B.*,) 79 *Eng. Com. Law*, 540; *Elmore vs. Grymes*, 1 *Peters*, 469; *Silsby, et al. vs. Foote*, 14 *Howard*, 222; *Borden Mining Co. vs. Barry*, 17 *Md.*, 429; *Grahame and Parran vs. Harris, Parran & Co.*, 5 *G. & J.*, 489; *Kettlewell vs. Peters*, 23 *Md.*, 317; *Levy and Barry, Adm'rs, vs. Levy, et al.*, 28 *Md.*, 25-32.

This being the settled law in jury cases, the Superior Court, in cases submitted to it without a jury, has deliberately and with great practical wisdom adopted a course of practice conforming as near as may be to the usual and regular course of a jury trial, carefully keeping questions of law and evidence distinct from questions of fact, hearing them in the same order as in a jury trial, and deciding separately. Thus, 1st. Ruling

out or admitting evidence. 2d. Deciding any questions of law raised. 3d. Entering a verdict on the facts. And 4th. Entering the proper judgment on verdict.

And this ought to end this controversy, as it shows that the entry of *non pros.* and discontinuance was strictly in accordance with the practice of the Court.

It is the inherent right of any Court of original jurisdiction, where, in its judgment justice requires it, in *nonsuiting* a plaintiff, to do so without prejudice; and the Superior Court in the sound exercise of its discretion having so entered the judgment, it is not the subject matter for an appeal on the part of the defendants.

MILLER, J., delivered the opinion of the Court.

This cause was, under the provision of the Constitution, submitted to the Court for determination without the aid of a jury. The sole question for review is presented by the appellants' exception to the action of the Court in entering and recording a judgment of *nonsuit* in the case.

The action was against the appellants as drawers of a foreign bill of exchange. The material facts set out in the exception are these: the plaintiffs, after admission by defendants of the signatures of the drawers and endorsers of the bill, offered evidence of its protest for non-acceptance and notice thereof to the defendants. Objections were made to the admissibility of this testimony, which were argued, the defendants' counsel opening and closing thereon. After the argument one of the counsel for the plaintiffs said the case had taken a rather unusual course, as the defendants' counsel had closed the argument, but that he submitted the case to the Court without further argument. The Judge then delivered an oral opinion sustaining the objection to the protest, and *ruled* that either by itself or in connection with the other testimony it was inadmissible, and *that the plaintiffs were not entitled to recover*, but made no entry in the case. At this point the plaintiffs' counsel took an exception to the ruling,

and asked the Court to suspend further proceedings until they could consult with their clients, who resided in New York, whether they should submit to a *nonsuit*, with the expectation of supplying the requisite testimony, or suffer a judgment to be entered and take an appeal. To this the defendants' counsel objected, and said it was too late to move for a *non pros.* in a case submitted to the Court without a jury, after the Court had decided it. The Judge, however, said the plaintiffs had yet a right to *non pros.* the case, and as it was still open for that purpose, he would grant the delay asked for. Subsequently, on the same day, the plaintiffs' counsel directed the entry of *non pros.*, which being brought to the notice of the Court, a judgment of *non pros.* was accordingly entered.

In jury trials of civil causes, after the jury have agreed and before the verdict is taken, the plaintiff is called by the clerk, and if he fails to answer in person or by counsel, no verdict is given, the jury are discharged, and judgment of *nonsuit* passes against him. Up to this point of time, and until the verdict is actually announced by the foreman in response to the question " what say you, do you find your verdict for the plaintiff or for the defendant? " the right to suffer a *nonsuit* exists, but ceases after the plaintiff has answered and the foreman announces the verdict. He is called for the purpose of allowing him an opportunity to determine whether he will take a *nonsuit* or hear the verdict, and he must then make his election. A *nonsuit* is in many instances of importance, because it gives the party the right to commence the same suit again, and alter its *status* by additional testimony, whereas if he answers and hears the verdict, he must stand on the case as then presented, and rely upon his exceptions and upon obtaining a reversal of the judgment on appeal.

The submission of a cause to the Court for trial where the Judge acts both as Court and jury does not deprive the plaintiff of his right to a *nonsuit*, and care should be taken to so conduct the trial as to afford him the same opportunity of ex-

ercising it as if a jury were sworn. In the case before us the Judge ruled the proffered testimony inadmissible, and thus far he was undoubtedly determining a question of law proper for the Court to decide if there had been a jury trial. But after ruling out the testimony he then said, in the same connection and as part of the same ruling, " *that the plaintiffs were not entitled to recover,*" and this expression is seized upon and construed as a decision of the case on the facts, in making which the Judge was acting as the jury, and as being equivalent to a verdict for the defendants after the plaintiffs had been called and had answered. Though this has been presented with much ability and force by the appellants' counsel, it is not, we think, a just and fair construction of the action of the Judge. In *Evans' Practice*, 402, it is said with entire correctness, that " the expressions common in English books, that the Judge directed a *nonsuit*, and others of similar import, mean no more than this, that the Judge expressed in that form of words his *opinion* that the plaintiff was not entitled to recover, and that the party submitted to a *nonsuit* rather than the Judge should enforce his opinion by a direction to the jury as to their verdict." If, therefore, this had been a jury trial and the Judge, after ruling out the evidence and ascertaining the plaintiffs had no more to offer, had said he was of opinion they were not entitled to recover, and would direct the jury to render a verdict for the defendants, the right of the plaintiffs then to suffer a *nonsuit* could not admit of doubt. Giving to this expression of the Judge a fair and reasonable construction, and considering the connection in which it was used, and the course of the trial up to that point, we are of opinion it is to be treated as the expression of his opinion *as a Court*, that the plaintiffs were not entitled to recover, to be afterwards enforced by his verdict or finding, *as a jury*, for the defendants, and an entry of judgment accordingly, intervening which was the right to a *nonsuit*. It would have been better practice, as it certainly would have obviated all difficulty in the case, if the Judge,

after ruling the testimony inadmissible, had withheld any further expression of his opinion, until he had either directed a formal call of the plaintiffs, or asked of their counsel whether they would take a *nonsuit,* or stand on their exception to his ruling, but failure to observe this more formal procedure cannot deprive the plaintiffs of a valuable right which, in a jury trial they could have exercised after every thing here relied on as a verdict had been said by the Court. But, as we have said, this expression was not a verdict either in substance or form, and the ruling excepted to must therefore be affirmed.

*Judgment affirmed.*

(Decided 10th February, 1871.)