# BRADSHAW *v.* EARNSHAW.

PLEADING AND PRACTICE; CERTIORARI; JUSTICE OF THE PEACE; NONSUIT.

1. In order to review or quash the proceedings of an inferior tribunal on *certiorari*, the inferior tribunal must have proceeded in the cause without jurisdiction, or its procedure must have been clearly illegal, or unknown to the law, or so essentially irregular as to be contrary to right and justice; and the writ of *certiorari* can not be made to serve the purposes of a writ of error, or an appeal with bill of exception.

2. A writ of *certiorari* to a justice of the peace is properly quashed where the alleged irregularity consists of the fact that a jury

was empanelled on demand of the defendant before a formal joinder of issue by the plaintiff upon the pleas of the defendant, and the justice proceeded to hear the evidence of the defendant and render judgment in his favor, the plaintiff declining to join issue or participate in the trial.

3. A plaintiff may elect to take a *nonsuit* or *non pros* of his case at any stage of it before verdict rendered, subject to payment of the defendant's costs.

No. 724.  Submitted October 6, 1897.  Decided December 7, 1897.

HEARING on an appeal from an order quashing a writ of *certiorari. Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Chapman W. Maupin* for the appellants.

*Mr. Frank T. Browning* and *Mr. C. A. Keigwin* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is taken from an order of the court below, quashing a writ of *certiorari* issued to a justice of the peace, requiring him to certify and return to the court certain proceedings that had taken place before him in a civil cause, instituted to recover a debt alleged to be due from the defendant, Basil B. Earnshaw, to the plaintiffs in those proceedings, Bradshaw & Wait. The justice made return to the writ of *certiorari,* and with it the proceedings that had taken place, but they do not show any such proceedings as furnish the ground for the issue of a *certiorari.*

It appears that an action had been brought by the plaintiffs against the defendant on matter of account, and that subsequently there was a transfer of the cause from the justice issuing the original process to another justice, and that it is of the proceedings had before the latter justice that complaint is made. In the petition for the writ of *certiorari,* the plaintiffs state their grievance to be, that after the defendant had filed his pleas and affidavit of defence, a jury was prematurely demanded by the defendant, and that

such jury was empanelled and sworn to try the cause without a formal *joining of issue as required by the statute*; and that a verdict was rendered in favor of the defendant, on matter of set-off pleaded to the claim of the plaintiffs.

In the petition for the writ it is stated, that the defendant filed pleas and an affidavit of defence; that the plaintiffs, under a rule prescribed by the Supreme Court of this District, to regulate proceedings before justices of the peace, moved for judgment against the defendant, for want of sufficient affidavit of defence, but that such motion was overruled by the justice; that the justice also refused to discharge the jury that had been summoned; and immediately upon the overruling of said motion, *the plaintiffs refused to join issue upon the pleas filed by the defendant*; but the justice, notwithstanding the absence of a formal issue joined, and against the protest of the plaintiffs, proceeded to empanel a jury and to receive evidence offered by the defendant, and to receive a verdict and enter judgment thereon against the plaintiffs, on a set-off claimed by the defendant of unliquidated damages arising out of a contract separate and distinct from that sued on by the plaintiffs—*the plaintiffs taking no part in said so-called trial.* That the defendant and the justice, by their premature action in summoning and empanelling a jury before the pleadings had been settled and *issue joined* in the cause, deprived the plaintiffs of their right to have the cause continued, in order to enable them to take testimony of witnesses in Chicago, without which testimony they could not safely have gone to trial. In consideration of the premises, and especially because they are without remedy by way of appeal or writ of error, the petitioners prayed that the writ of *certiorari* should issue to the justice to certify his proceedings, etc.

There is no question of the existence of jurisdiction of the justice of the peace in this case, of both parties and of the subject-matter of litigation. The whole trouble or supposed grievance appears to be in regard to mere matter of regu-

larity of procedure; and that trouble appears to have been brought on by the act of the plaintiffs themselves in refusing to join issue on the defendant's pleas, and to participate in the trial. It was the duty of the plaintiffs either to join issue on the pleas, or to suffer a *non-suit* of their action, for failure further to proceed. It was the right of the defendant, under the statute, to demand trial by jury; and if the plaintiffs did not then and there desire to proceed to trial in the manner that the defendant had elected, under the statute, they could have suffered a *non-suit* or *non-pros.* of their cause. That was their right. A plaintiff may elect to take a *non-suit* or *non-pros.* of his case at any stage of it before verdict rendered, subject, however, to payment of defendant's costs. 3 Black. Com. 295, 296; 2 Tidd's Prac. 727, 728; *Borden Mining Co.* v. *Barey,* 17 Md. 429; *Hall & Loney* v. *Schuchardt,* 34 Md. 15, 19, 20; *Ferrall* v. *Farmen,* 67 Md. 83; Evans' Md. Prac. 402. But, in the proceedings before a justice of the peace, in the civil cases authorized to be tried by them, there is no special pleading, such as is known and practiced in the higher courts of common law jurisdiction. This we have recently held in the case of *Carver* v. *O'Neal,* decided at the present term, *ante,* p. 353. The great object and policy of the law, in conferring jurisdiction upon justices of the peace in civil cases, is simplification, and the avoidance of the technical rules and delay that attend the prosecution of suits in the higher courts. And when the statute of 1823 declares that it shall be lawful for either of the parties to the suit, "*after issue joined,* and before the justice shall proceed to inquire into the merits of the cause," to demand a jury, it must be construed to mean, and to refer to, such issue as had been and was understood to obtain in practice in civil proceedings before justices of the peace. It was certainly not intended by that statute to introduce into the practice of justices of the peace of this District the technical forms and rules of pleading known only to the practice of the higher courts of common law jurisdiction. When

the plaintiff and defendant had made known to the justice their respective contentions in regard to the matters in litigation, and exhibited their respective claims, the issue was regarded as formed or joined, and no greater formality was or is required than the signification by the respective parties of his or their readiness for trial, neither party being excused if in default. In this case, after the claims of both parties had been exhibited to the justice, and the cause had been continued or postponed to a certain day for trial, when the time arrived for trial, the plaintiffs refused to consent to proceed to trial, but withdrew from the case. They were, therefore, in default, and, consequently, not in a position to insist that the proceeding by the justice was unwarranted as for want of jurisdiction to proceed to trial.

There may have been errors and irregularities in the proceedings by the justice, but they formed no ground for the issue of the writ of *certiorari*, if the justice had jurisdiction of the parties and of the subject matter of litigation, and possessed the power to decide the matter in dispute. It is only where it is plainly shown that the proceedings are infected with some fatal irregularity rendering them absolutely void, such as the want of notice, or the refusal of a hearing to a party entitled to it, and the like; or that the jurisdiction of the cause did not belong to the court or justice assuming to exercise it, but to a different court; or that the cause involved is of a nature the jurisdiction of which is denied to any court, because not within the limits of judicial power, that a *certiorari* will issue to bring up proceedings for review. *Patton* v. *Houston*, 40 La. Ann. 395. Or, as the principle is stated in other cases, in order to review and quash the proceedings of an inferior tribunal upon the common law writ of *certiorari*, the inferior tribunal must have proceeded in the cause without jurisdiction, or its procedure must have been clearly illegal, or unknown to the law, or so essentially irregular as to be contrary to right and justice; and that the writ of *certiorari* is not permitted

to serve the purposes of a writ of error, or an appeal with bill of exception. *Jacksonville, etc., R. Co.* v. *Boy,* 34 Fla. 389; *Hunt* v. *Jacksonville,* 34 Fla. 504; *Harris* v. *Barber,* 129 U. S. 366; *In re Schneider,* 148 U. S. 162.

In this case, the justice had full jurisdiction, and the worst that can be said of his proceedings is, that there may be errors and irregularities, but not such as to infect them with invalidity, such as to justify a review upon *certiorari.*

*Order affirmed.*