HARRY BRONSTEIN, AN INFANT BY HIS FATHER AND
NEXT FRIEND, BENJAMIN BRONSTEIN, *vs.* THE
AMERICAN ICE COMPANY.

*Sealed verdicts: errors in—; corrections.   Calling the plaintiff.*

When a sealed verdict has been rendered the Court may amend
it as to inadvertent errors, omissions or inaccuracies in mat-
ters of form.                                    p. 137

If a plaintiff fails to answer, when called before the verdict is
announced, a non-suit is entered.                p. 141

When a sealed verdict is returned, the plaintiff should be called,
and he must then elect to hear the verdict or take a non-suit,
and the election should be made before the sealed verdict is
delivered to the Court.                          p. 142

Where a plaintiff is called, when a sealed verdict is presented to
the Court, and answers, and then agrees that the jury should
be allowed to return to their room to correct the verdict, the
plaintiff need not again be called upon the return of the jury
with their corrected verdict.                    p. 141

*Decided December 7th, 1912.*

Appeal from the Baltimore City Court (DAWKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Eugene O'Dunne* and *Donald B. Creecy* (with whom was
*Louis S. Ashman* on the brief), for the appellant.

*German H. H. Emory* (with *Soper & Emory* on the brief).
for the appellee.

THOMAS, J., delivered the opinion of the Court.

This suit was brought by the appellant in the Baltimore City Court to recover damages for injuries alleged to have been sustained while on one of the streets of said city by reason of the negligence of the appellee's agent or servant.

The record shows that the case has been tried three times. The first trial resulted in a verdict for the plaintiff for $100.00. On the motion of the plaintiff that verdict was set aside and a new trial granted, and at the second trial the jury failed to agree.

The third trial began on the 13th of March, 1912, and what took place at that trial, is stated in the certificate of the presiding judge and agreement of counsel, set out in the record and also included in the first bill of exceptions, as follows:

"Testimony having been taken on behalf of both the plaintiff and defendant, and the Court having granted prayers at the request of the plaintiff and the defendant, after argument on the 14th day of March, 1912, the jury retired to consider their verdict and were given leave to bring a sealed verdict to the Court at 10 o'clock A. M. on Friday, the 15th day of March, 1912, at which time the Court and jury met pursuant to agreement.

Immediately upon the meeting of the Court, the clerk, Mr. Stephens, announced that the jury had agreed. The Court then told Mr. Stephens to take the verdict. Mr. Stephens then read the names of the jurymen and the sealed verdict of the jury was then handed to the clerk by the foreman, who thereupon handed it to the Court. Whilst it was being opened by the Court, the clerk called the plaintiff and the plaintiff answered by Mr. Lewis S. Ashman, one of the counsel of record for the plaintiff. Upon the opening of the sealed verdict by the Court, the Court expressed its unwillingness to receive it in the form in which it was, owing to a clerical error. The form in which it then appeared was as follows: (Though counsel were not shown it or informed of its nature.)

IN THE

HARRY BRONSTEIN, An Infant
by his Father and next Friend,
BENJAMIN BRONSTEIN,

vs.

THE AMERICAN ICE
COMPANY, A Body Corporate.

**Baltimore City Court**

No. 223 Trials.

January Term, 1912.

We, the undersigned Jurors having been duly impanelled and sworn in due form of law (affirmed) to try the issues joined in the above entitled case upon our oaths (affirmations), do say that we find our verdict for the Plaintiff and we assess the damages by reason of the premises at the sum of............................

..............................................................................................................................................Dollars

and............................cents. ($............................).

Defendant

And we do authorize and direct our foreman, Mr. John S. Bridges, to deliver this, our signed and sealed verdict, to the Court.

Witness our hands and seals this 14th day of March, 1912.

|  |  |
|---|---|
| JOHN S. BRIDGES, | (Seal) |
| E. F. TYLER, | (Seal) |
| WILLIAM H. GESSLER, | (Seal) |
| GEO. ED. NUMSEN, | (Seal) |
| HARRY M. WAGNER, | (Seal) |
| WILLIAM C. CODDINGTON, | (Seal) |
| FREDERICK L. RODEN, | (Seal) |
| CHARLES W. HOOT, | (Seal) |
| ALEX. R. CARR, | (Seal) |
| HERMAN H. SILTMAN, | (Seal) |
| J. HERMAN CRAIG, | (Seal) |
| HERMAN DOROFF, JR. | (Seal) |

While the paper was still in the hands of the Court and before anyone's attention had been called to it except that of the clerk, counsel for respective parties were called before the Court and then and there without having been told the contents of the paper in the Court's hand agreed in open Court that the jury should be allowed to go back to their

room and correct the verdict. The jury at once retired. At 10:20 the jury again returned to the Court room. Their names were again called by Mr. Stephens. When Mr. Stephens asked them if they had agreed upon a verdict they said they had and announced that it was a sealed verdict. The foreman then handed to Mr. Stephens the sealed verdict. The clerk then again called the plaintiff, Mr. Folger, one of the bailiffs, responding for the plaintiff under direction of the clerk who was given authority the day before by the plaintiff to respond, but whose authority so to do had been revoked by the plaintiff the following morning before the verdict was taken, which being explained to the Court and admitted by the bailiff and the clerk, the Court then asked Mr. O'Dunne if he wanted to answer and Mr. O'Dunne replied that he was only trying the case for Mr. Ashman, and that Mr. Ashman had advised him that he was going to take a *non pros.* Mr. Ashman said that the plaintiff would not answer. Mr. Emory, counsel for the defendant, then said:

"I now want to move the Court to receive the verdict on the ground that the plaintiff was called once and answered and a sealed verdict was presented to the Court. The Court advised counsel that the sealed verdict was not in proper form and the plaintiff then consented, and so did the defendant, that the jury should retire and put their verdict in proper form. The jury has now returned after having put the verdict in proper form and I now move your Honor that the verdict be received, whatever the verdict may be."

The Court: I think it is proper to grant that motion.

Mr. Stephens (The Court Clerk): There has been no answer for the plaintiff.

Mr. Ashman: Your Honor, a verdict that is improper is no verdict at all.

The Court: I shall receive the verdict, Mr. Ashman; the plaintiff has been called and has answered.

The Court then received the verdict as amended by the jury which was in form as follows:

*Harry Bronstein*
*an Infant by his father and*
*next friend*
*Benjamin Bronstein*

vs.

*The American Ice*
*Company*
*a body corporate*

IN THE

## Baltimore City Court

No. Q 23    Trials.

*January* Term, 1912.

*we the undersigned Jurors having been duly impanelled and sworn in due form*
*of law to try the issues joined in the above entitled case upon our oaths do say*
*that we find our verdict for the*

We, the undersigned Jurors having been duly impanelled and sworn in due form of law (affirmed) to try the issues joined in the above entitled case upon our oaths (affirmations), do say that we find our verdict for the Plaintiff , and we assess the damages by reason of the premises at the sum of............................

...........................................................................................................................Dollars

and...............................cents. ($...............................).

Defendant :

And we do authorize and direct our foreman, Mr. John S. Bridges, to deliver. this, our signed and sealed verdict, to the Court.

Witness our hands and seals this 14th day of March, 1912.

|  |  |
|---|---|
| JOHN S. BRIDGES, | (Seal) |
| E. F. TYLER, | (Seal) |
| WILLIAM H. GESSLER, | (Seal) |
| GEO. ED. NUMSEN | (Seal) |
| HARRY M. WAGNER, | (Seal) |
| WILLIAM C. CODDINGTON, | (Seal) |
| FREDERICK L. RODEN, | (Seal) |
| CHARLES W. HOOT, | (Seal) |
| ALEX. R. CARR, | (Seal) |
| HERMAN H. SILTMAN, | (Seal) |
| J. HERMAN CRAIG, | (Seal) |
| HERMAN DOROFF, JR. | (Seal) |

And the plaintiff when then called refused to answer and the jury were asked to harken to their verdict, which they did, and the verdict was enrolled under these circumstances:

A "judgment on the verdict *nisi*" was entered, and on the 18th of March the plaintiff filed the following motions: a motion to strike out the verdict; a motion to strike out the judgment; a motion to strike out the verdict and judgment; a motion in arrest of judgment, and a motion for a new trial, assigning as the reason for said several motions the matters and facts set out in the above certificate of the judge and agreement of counsel, and the five exceptions in the record are to the rulings of the Court on these motions. A final judgment on the verdict in favor of the defendant having been entered the plaintiff appealed.

It is said in *Bacon's Abridgement,* Volume 7. (6th Ed.), page 3: "A privy verdict is so called; because what is there found ought to be kept secret, until a verdict is given in open Court.

"A jury may find differently by a verdict given in open Court from what they found by a privy verdict," and we find in 3 *Blackstone's Com.* 377, the statement that "A verdict *vere dictum,* is either privy or public. A privy verdict is when the judge hath left or adjourned the Court; and the jury, being agreed, in order to be delivered from their confinement, obtain leave to give their verdict privily to the judge out of Court; which privy verdict is of no force, unless afterwards affirmed by a public verdict given openly in Court; wherein the jury may, if they please, vary from the privy verdict." It is said in 22 *Ency. of P. & P.* 1008, that "It is generally regarded as necessary, where the jurors have agreed upon a verdict, sealed it up, and separated, that they should be subsequently re-called for affirmance of the verdict." And on page 1011 it is further said: "When a sealed verdict has been returned, the Court may amend it as to inadvertent errors, omissions or inaccuracies in matters of form," and that "A sealed verdict as delivered by the

jury is not conclusive in the sense that it cannot be altered or corrected by the jury if defective or irregular. Where, when a sealed verdict is read in open Court for the jury's affirmance, it is found to be irregular, uncertain, or defective, the jury may be directed to retire again to put the finding in proper form."

In the case of *Edelen* v. *Thompson,* 2 H. & G. 31, the Court said: "It appears to us that the verdict handed to the clerk, is in the nature of a sealed or privy verdict, and might be varied from in open Court, and that no error was committed in ordering the jury to their chamber the next day to correct it. The rule is, that a verdict may be varied from by the jury, at any time before it is recorded; and the Court, who are best acquainted with their own practice, tell us, that the verdict under consideration had not been recorded by them. It was left with the clerk, for the ease of the jury, and may be compared to a verdict received by a single judge out of Court, or to a sealed verdict retained by the foreman of the jury in his pocket, until the next meeting of the Court. In neither of which cases is the verdict binding upon the jury, but is liable to be changed and varied from by them in open Court." This case was cited and approved in *Browne* v. *Browne,* 22 Md. 103, and also in the case of *Farmer's Packing Co.* v. *Brown,* 87 Md. 1, where this Court approved the action of the lower Court in requiring the jury to correct their sealed verdict in open Court.

In case of *Browne* v. *Browne, supra,* the Court quotes the statement of LORD MANSFIELD in *Hawks* v. *Crofton,* 2 Burrows, 699, that "Where the intention of the jury is manifest and beyond doubt, the Court will set right matters of form." In the case of *Diamond State Co.* v. *Blake,* 105 Md. 570, the suit was against two defendants, and at the conclusion of the plaintiff's evidence, the Court instructed the jury that their verdict should be in favor of one of the defendants. The trial then proceeded against the other defendant, and at the conclusion of the case the jury returned their verdict

"for the plaintiff for the sum of $1,950.00," but did not
state which one of the defendants they found their verdict
against, nor did they expressly find their verdict in favor
of the defendant for whom the Court directed them to find.
A motion in arrest of judgment having been filed, the lower
Court directed the docket entries to be corrected by insert-
ing after the words—"Judgment *nisi* on verdict for plain-
tiff for $1,950.00, October 25th, 1906"—the words "as
against the defendant, the Diamond State Telephone Com-
pany, and judgment for the defendant, The Chestertown
Electric Light and Power Company, for costs," and this
Court affirmed the action of the lower Court on the ground
that it had a right to correct the verdict so as to make it con-
form to the manifest intention of the jury.

In the case at bar the jury struck out all of the first para-
graph of the printed form, which was doubtless given to
them by the clerk, except the word "defendant," but it is
evident that it was their intention to find their verdict for
the defendant, otherwise they would not have cancelled or
erased the word "plaintiff" and left the word "defendant"
stand.  The omission of the words "we find our verdict for
the" or "for the" was a mere formal omission, and one that
the Court was authorized to correct or to require the jury to
correct before the verdict was recorded.  When this sealed
verdict was handed to the Court the plaintiff was called by
the clerk and answered.  The Court, upon opening the sealed
verdict and discovering the formal omission, stated that he
was unwilling to receive the verdict in that form because of
"a clerical error," and counsel then agreed in open Court
that the jury should retire and correct the form of their
verdict.  The correction made by the jury consists of the fol-
lowing words, written above the paragraph of the printed
form which had been previously stricken out by them, and
above the word "defendant."

"We the undersigned jurors having been duly impanelled
and sworn in due form of law to try the issues joined in the

above entitled case upon our oaths, do say that we find our verdict for the" which simply express what was already manifest, namely, the intention of-the jury to find their verdict for the defendant.

The plaintiff having been called when the sealed verdict was first presented to the Court, and having then answered, and having afterwards agreed that the jury should be allowed to go back to their room to correct the verdict, we see no ground upon which he can claim that he should have been called again when the jury returned with the corrected verdict. If, after the plaintiff had been called and answered, the Court, upon discovering the formal defect in the verdict, had made the correction, or required the jury to make it in open Court, the plaintiff would have had no further opportunity to take a non-suit, and we see no reason why a different rule should apply, where the jury, by agreement or the parties, is allowed to retire to their room to make the correction.

The appellant relies upon the case of *Hall* v. *Schuchardt.* 34 Md. 15, where the Court said: "In jury trials of civil cases, after the jury have agreed and before the verdict is taken, the plaintiff is called by the clerk, and if he fails to answer in person or by counsel, no verdict is given, the jury are discharged, and judgment of non-suit passes against him. Up to this point of time, and until the verdict is actually announced by the foreman in response to the question 'what say you, do you find your verdict for the plaintiff or for the defendant?' the right to suffer a non-suit exists, but ceases after the plaintiff has answered and the foreman announces the verdict. He is called for the purpose of allowing him an opportunity to determine whether he will take a non-suit or hear the verdict, and he must then make his election," and he insists, that where the jury returns a sealed verdict the plaintiff has a right to take a non-suit up to the time that the clerk reads the verdict of the jury. But this contention fails to give any meaning to the concluding portion

of the paragraph we have just quoted from *Hall* v. *Schuch-ardt,* where it is said: "He (plaintiff) is called for the _purpose of allowing him an opportunity to determine whether he will take a non-suit or hear the verdict, *and he must then make his election.*" When the sealed verdict in this case was first presented to the Court the plaintiff was called, and he then made his election, *and elected to hear the verdict,* and there is no warrant in the case relied on for the proposition that he was entitled to be called *again,* in order that he might have further opportunity to take a non-suit.

Where, in jury trials, the verdict is rendered in Court, the plaintiff is called before the foreman of the jury announces the verdict, and if he fails to answer a non-suit is entered. Where the jury returns a sealed verdict, and the foreman announces that they have agreed upon a verdict and that it is a sealed verdict, the plaintiff should be called, and he must then elect to hear the verdict or to take a non-suit, and this election should be made before the sealed verdict is delivered to the Court.

In the case of *Merchants Bank* v. *Rawls and Taylor,* 7 Ga. 191, the jury brought in a sealed verdict which was handed to the counsel for the plaintiffs, who, without reading the verdict, moved the Court for leave to dismiss the suit, but the Court refused to grant the motion and said: "The rule on this subject is more one of expediency than of principle. We believe that the ends of justice, and equality of right and privilege between parties, will be best promoted by the following rule, to wit: A party shall not dismiss or be non-suit in any case, after the publication of the verdict, and it shall be considered as published, *eo instanti,* in which it is handed to the plaintiff's counsel, or other person directed by the Court to receive it."

This rule is in entire accord with the rule stated in *Hall* v. *Schuchardt, supra,* as applicable to cases where the verdict is rendered in open Court by the foreman, and is the one

that should be approved and followed in this State. A privy or sealed verdict, as said in *Bacon's Abridgement, supra,* ought to be kept secret until delivered to the presiding judge in open Court, and should be considered as published when so delivered. After the jury have been called and they announce that they have agreed and that their verdict is a sealed verdict, the plaintiff should be called in order that he may have an opportunity to determine whether he will take a non-suit or hear the verdict, and, as stated in *Hall* v. *Schuchardt,* "he must then make his election." If he elects to answer and to hear the verdict, and the sealed verdict is delivered to the Court, his right to take a non-suit ceases. Applying this rule to the case at bar, it follows that the Court below did not err in receiving the sealed verdict after it had been corrected by the jury, and it is not necessary, therefore, to consider the other questions presented by the record and discussed by counsel in their briefs.

*Judgment affirmed, with costs.*