GEORGE W. EASTER and CAROLINE EASTER,
His Wife,

*vs.*

OVERLEA LAND COMPANY OF BALTIMORE
COUNTY.

*Practice*: *verdict; plaintiff need not be called; non pros.; time
for exercising right.*

Under Article 75, section 173 of Bagby's Code, it is no longer
necessary to call the plaintiff before the rendering of the ver-
dict, and his right to submit to a voluntary *non pros.* must be
exercised before the argument upon the facts is begun.          p. 103

In a trial before a court sitting as a jury it was agreed by
the counsel of the respective parties that certain testimony in
a certain chancery proceeding should constitute the whole evi-
dence in the case before such court, and that on the day of argu-
ment the counsel should be permitted to offer prayers or instruc-
tions, and that the argument on such prayers, etc., and on the
facts gathered from said evidence "should be argued jointly";
on a day named the arguments were made on the prayers and
the facts, and the case submitted by the counsel for the respec-
tive parties to the court for its final decision: *Held*, in order
to reserve their right to submit to a *non pros.* until after the
court had ruled upon the prayers, the plaintiff should not have
argued the case upon the facts when they did, for, by so doing
this, they lost the right, reserved to them under the statute, of
dismissing the suit, or submitting to a voluntary *non pros.*
                                                        p. 104

*Decided February 29th, 1916.*

Appeal from the Circuit Court for Baltimore County. (DUNCAN and MCLANE, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Henry M. Nitzel* and *Richard S. Culbreth,* for the appellants.

*Edward H. Burke* (with whom was *C. Alex. Fairbank, Jr.,* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from a judgment for the defendant in an action at law, brought in the Circuit Court for Baltimore County, by the appellants against the appellee.

The sole question for review is presented by the appellants' exception to the action of the Court in rendering a verdict and entering judgment thereon, without affording the plaintiffs as they allege an opportunity to submit to a judgment of *non pros* against them.

The material facts set out in the exception are these: The attorneys for their respective clients, on March 8th, 1915, entered into an agreement in which is found the following provisions: That all the testimony and exhibits, taken and filed and returned by the examiner in the equity case in the same Court and between the same parties, "shall constitute the whole evidence in the above entitled case, and shall be considered and taken in the same manner as if given by witnesses under oath in open Court, or as introduced in the usual and ordinary way in the trial of cases, either before a jury or the Court sitting as a judge and jury." That the

"case upon the evidence aforesaid, shall be tried and argued before the Court, sitting as a judge and jury; that on the day of argument to be hereafter fixed by the Court the plaintiffs and defendant by their respective attorneys shall be at liberty to submit whatever prayers or instructions they may deem proper and that, with the Court's permission, argument on said prayers or instructions and on the facts as gathered from said evidence, shall be made jointly."

The Court at such time announced that it "would read the testimony and that a day would be named on which counsel would have the opportunity to offer prayers, and to argue them and the facts of the case, of which day counsel would receive due notice."

The 27th day of May, 1915, was the day fixed for such argument, and the counsel were so notified. On that day the counsel for the respective parties appeared and the plaintiffs offered four, and the defendants nine, prayers. Three of the defendant's prayers in effect asked that the case be withdrawn from the consideration of the Court, sitting as a jury, because of the want of legally sufficient evidence to entitle the plaintiffs to recover, and it was suggested by counsel for the plaintiffs that "as the prayers made it necessary in arguing them to argue all the facts of the case, argument on prayers and facts be made jointly, and, the Court consenting, it was so agreed, without any reference to said written agreement by anyone."

The case was then fully argued by all the counsel in the case on the facts as well as upon the prayers offered.

"At the conclusion of the argument * * * the Court asked if there was any exception to the testimony, to which question counsel for both sides replied 'No.' Thereupon the Court asked counsel for the plaintiffs to supply the Court with the references to the testimony in the record as to the west side of Lange's lane," and the case was then submitted to the Court by both plaintiffs and defendant for final determination.

Thereafter on June 8th, 1915, counsel for the plaintiffs wrote to JUDGE McLANE saying: "In compliance with the request of the Court, we enclose a copy of so much of the testimony in the case of *Easter* v. *Overlea Land Company* as relates to the width, etc., of Lange's lane with special reference to the west side and we have sent a copy to counsel for the defendant.

"Are we right in assuming that the Court will give us notice of its intention to pass upon the prayers and to decide the case, in order that we may take such action as may appear to us to be proper?"

On the 12th of June, 1915, without notice to the plaintiffs or their counsel, the Court delivered to the Clerk of the Court "the prayers, granted and refused, and a paper on which was written, 'Verdict for the defendant,' signed by JUDGES DUNCAN and McLANE."

To the action of the Court in passing upon the prayers, and at the same time rendering a verdict for the defendant upon the facts of the case, "in the absence of and without notice to the plaintiffs or their counsel, thereby depriving the plaintiffs of the opportunity to suffer a judgment of *non pros*," the plaintiffs excepted. This as we have said is the only exception before us.

It is upon the Act of 1914, Chapter 432—section 173 of Article 75 of Bagby's Code—that the question here presented is to be determined. This statute provides that "In all trials of actions at law in the Courts of this State, it shall not be necessary to call the plaintiff before the verdict is rendered; nor shall the plaintiff be entitled to dismiss his suit or submit to a voluntary judgment of *non pros* after argument upon the facts has begun in cases tried before a jury or before the Court sitting as a jury; but the plaintiff shall have the same right to dismiss such case or submit to a voluntary judgment of *non pros* thereon, up to the time when such argument on the facts has begun, as before the enactment of this section."

Prior to the passage of this Act it was the established practice in the trial of jury cases to call the plaintiff when the jury had agreed upon its verdict, and before the verdict was taken. This was done to give him an opportunity to determine whether he would take a *non suit* or hear the verdict, and it was at such time that he was required to make his election. If he failed to answer in person or by counsel, the verdict was not taken, the jury was discharged, and a judgment of *non suit* entered against him; but if he answered and the verdict was taken, his right to suffer a *non suit* ceased with such answer and verdict; and it was held by this Court in *Hall* v. *Schuchardt,* 34 Md. 19, that "The submission of a cause to the Court for trial where the Judge acts both as Court and jury does not deprive the plaintiff of his right to a *non suit,* and care should be taken to so conduct the trial as to afford him the same opportunity of exercising it as if a jury were sworn."

The practice has been materially changed by the aforegoing statute. The plaintiff is no longer called, and his right to submit to a voluntary judgment of *non pros* must now be exercised before the argument upon the facts is begun. The statute expressly states that the plaintiff shall not "be entitled to dismiss his suit or submit it to a voluntary judgment of *non pros* "after argument upon the facts has begun in a case tried before a jury or before the Court sitting as a jury."

It was agreed in writing by the counsel of the respective parties that certain testimony taken in a designated chancery proceeding between said parties should constitute the whole evidence in the case before it, and that upon such evidence the case should be "tried and argued before the Court, sitting as Judge and jury," and that on the day of the argument the counsel for their respective clients should be permitted to offer prayers or instructions, and with the Court's permission the "argument on said prayers or instructions, and on the facts as gathered from said evidence, should be made jointly."

Pursuant to this agreement the Court named a day for the argument, and on that day it was asked by plaintiff's counsel to hear argument not only upon the prayers, but also upon the facts of the case. The Court consented thereto, and the argument was made upon both the prayers and facts of the case, and at its conclusion, the case was submitted to the Court by both plaintiffs and defendant for final determination.

If the plaintiffs had wished to reserve their right to submit to a judgment of *non pros,* until the Court had ruled upon the prayers, they should not have argued the case upon the facts when they did, for by so doing such right was lost to them under the Statute.

The plaintiffs, as disclosed by the exception, never asked for an opportunity to suffer a *non suit* in the event that the rulings of the Court upon the prayers were against them, but it was at their express request that the Court heard argument both upon the prayers and the facts of the case, and they should not now be heard to complain of the Court's refusal to allow them to submit to a judgment of *non pros,* when the loss of such right was the result of their own voluntary act.

The letter of plaintiffs' counsel to JUDGE McLANE, written on June 8th, after the case had been argued upon the facts, and after it had been submitted to the Court for its final determination had no effect upon the question here presented.

The judgment of the Court will therefore be affirmed.

*Judgment affirmed, with costs to the appellee.*