## AMERICAN ELECTROTYPE CO., Inc., v. KERSCHBAUM.
### No. 7293.

United States Court of Appeals for the District of Columbia.

Argued April 11, 1939.

Decided May 22, 1939.

Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellant.

Alvin L. Newmyer, David G. Bress, and Lewis H. Shapiro, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appeal from a judgment of the District Court dismissing a bill in equity to enjoin the prosecution of an action at law.

Appellee Monica Kerschbaum, an infant, by next friend, filed an action at law in the District Court against appellant to recover damages for personal injuries. Appellant denied negligence. During the course of the trial before a jury, counsel for appellant stated in open court his intention to urge that appellee was a trespasser and that appellant owed her no duty

except to avoid injury to her by any wilful, wanton, or malicious act. At the conclusion of the plaintiff's case, defendant moved the court to direct a verdict in its favor. Before the motion was decided, counsel for plaintiff obtained leave to offer further testimony, at the conclusion of which the motion for a directed verdict was renewed. The trial judge at this point indicated his intention to grant the motion, but in the course of the delivery of the opinion counsel for appellee (plaintiff) interrupted the judge and with his consent took a voluntary nonsuit.

Subsequently appellee filed a new action at law against appellant to recover on the same cause of action, but on the theory of the "attractive nuisance" doctrine. The bill in the instant case was brought to enjoin the prosecution of the second action at law, on the ground that it was vexatious, without merit, and if permitted would result in allowing appellee to experiment with the court and successively advance different theories of fact or of law or of both and, if unsuccessful, to take nonsuits and start anew with other theories, to the detriment of the administration of justice. Appellee appeared by guardian ad litem and moved to dismiss the bill. The motion was granted, and this appeal was taken from the judgment of dismissal.

■ The bill was properly dismissed. At the time the actions at law were brought,[1] the rule was well established in the District of Columbia that a plaintiff might elect to take a nonsuit at any stage of the case before verdict rendered, subject only to the payment of defendant's costs. Bradshaw v. Earnshaw, 11 App.D.C. 495. Until modified by statute in 1914,[2] this was also the rule in Maryland, from which the District derives its common law. In Hall and Loney v. Schuchardt, 34 Md. 15, the action had gone to the point where the judge had expressed his opinion that on the case made plaintiffs were not entitled to recover, but no entry in the case had been made. At this point plaintiffs' counsel took a nonsuit. Upon challenge in the Court of Appeals, that court said that up to the point of time when a verdict is actually announced by the foreman of the jury the right to suffer a nonsuit exists, and that this right, when exercised, carries with it the right to commence the same suit again and alter its status by additional testimony or by additional allegations. In Barrett v. Virginian Railway Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092, the Supreme Court said that at common law a nonsuit could be taken freely at any time before verdict, if not, indeed, before judgment. And see also Haldeman v. United States, 91 U.S. 584, 585, 23 L.Ed. 433. Appellee has done no more than to exercise this right in a single instance. Obviously, the case is not one of vexatious litigation which would justify the filing of a bill in equity.

■ The only other question remaining for decision arises from appellant's motion to tax costs against appellees for unnecessarily enlarging the record. We notice the motion in this case more particularly because the practice of enlarging the record with extraneous and unnecessary matter has frequently given us serious concern.

At the present term of court we have been confronted with records running as high as a thousand pages, which might easily have been reduced to one-fourth that number if counsel had exhibited a proper regard for the interests of their clients and a desire to save the court from unnecessary consumption of time. We cannot too strongly admonish the members of the bar of their responsibility in this respect. The practice of dumping into the record unnecessary papers and cumulative evidence, besides the drain upon the court's time, frequently results in making the cost of litigation prohibitive to the man of moderate means and creates a scandal in the administration of justice.

In the instant case the record, though comparatively short, does contain unnecessary matter. But, on the other hand, we are obliged to regard the appeal in this case as at least bordering on our rule against the taking of frivolous appeals. The equities between the parties being equal, we will let the costs fall where they normally would.

Affirmed.

---

[1] The plaintiff's right to dismiss his own suit without prejudice is now limited by Rule 41(a) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

[2] See Easter v. Overlea Land Co., 128 Md. 99, 97 A. 146.