**MORSE v. BRAGG.**

No. 7249.

United States Court of Appeals for the District of Columbia.

Decided Aug. 7, 1939.

Rehearing Denied Nov. 14, 1939.

John H. Morse, of Washington, D. C., in propria persona.

No appearance for appellee.

Before GRONER, Chief Justice, and STEPHENS and VINSON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia overruling a motion of the plaintiff (the appellant here) for a judgment by default. The ground of the order is not stated but it is apparent that it was based upon the fact that the defendant (the appellee here) had not been served with process.

The following facts appear from the record: The plaintiff filed a suit against the same defendant on January 30, 1936. In the declaration he stated that on December 18, 1934, he was arrested by a policeman without cause at the instigation of the defendant and was kept in jail over night without any charge being placed against him and subjected to other indignities—all to his damage. The defendant was served with process, appeared and filed two pleas—the first to the merits, the second setting up the statute of limitations. The plaintiff filed a motion to strike the pleas and the defendant filed points and authorities in opposition. This motion was treated as a demurrer and overruled. Thereafter the plaintiff filed a motion for leave to discontinue the cause without prejudice. This motion was granted March 18, 1936. On November 26, 1937, the plaintiff filed a new declaration setting out substantially the same facts as in the first declaration but alleging in addition that the defendant had conspired with persons unknown to produce the arrest and injury complained of. Although process was issued under the second declaration, it was never served upon the defendant and the defendant did not appear and does not appear in this appeal. Notwithstanding this the plaintiff, on April 29, 1938, moved for a judgment by default. This motion was denied, as were motions filed by the plaintiff for rehearing of the denial and for reconsideration of the denial of a rehearing. The plaintiff assigns as error the denial of the motion for a judgment by default and of the motions for rehearing and reconsideration. The plaintiff is here *in propria persona.*

The trial court necessarily denied the motion for judgment by default and in consequence the further motions. No process having been served upon the de-

fendant under the second declaration, and no appearance having been made, and the action being *in personam,* no judgment could be entered. Such a judgment would have been a denial of due process to the defendant. The defendant had a right to rely upon the dismissal of the first suit and cannot properly be subjected to judgment in the second one without a hearing.

The plaintiff argues that in the original declaration the cause of action, as in the second declaration, was for conspiracy. He relies upon language in the first declaration stating that the "Defendant, through the instrumentality of and connivance with officers of Washington police, Sta., #3, precipitated and instigated Plaintiff's arrest, detention and imprisonment...," and further language asserting "the whole affair" to be a " 'frameup' on the part of Defendant and her likely accomplices, who deliberately 'pulled' a false police alarm." And the plaintiff asserts that the discontinuance of the first suit was only as to a cause of action which the defendant contended and the trial judge thought was asserted in tort for false arrest, and not as to the cause of action stated in conspiracy. And the plaintiff contends that therefore the second declaration was but a "second phase" of the original suit in conspiracy, and that no new service of process was necessary to support a judgment.

Assuming that the cause sought to be stated in the first declaration was one in conspiracy rather than in false arrest, the argument does not aid the plaintiff. The record fails to show a discontinuance only as to a cause of action in false arrest, so as to leave standing a cause of action in conspiracy. Both the motion to dismiss and the order of dismissal, according to the record, were as to the whole case.

The plaintiff urges that a dismissal "without prejudice" means without prejudice to the continuance of personal jurisdiction resulting from the service of summons under the first declaration. This misapprehends the effect of a dismissal without prejudice. The words "without prejudice" in respect of a voluntary nonsuit have the effect only of causing the judgment not to operate, upon the theory of *res adjudicata,* as a bar to a subsequent suit by the plaintiff against the defendant on the same cause. They do not operate to relieve the plaintiff of the necessity of obtaining, in a second suit on either the same or a different cause, personal jurisdiction of the defendant by a new service of process.

Affirmed.