## HALPERN v. GUNN et al.
### No. 585.

Municipal Court of Appeals for the District of Columbia.

March 11, 1948.

I. H. Halpern, pro se.

Douglas A. Clark, of Washington, D.C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The decisive question in this case is whether a plaintiff may prosecute an appeal from an order granting his request for the entry of a voluntary nonsuit.

The case was tried to a jury in June 1947, and resulted in a disagreement. Later the case was set for retrial and was called for that purpose in November 1947. When the case was called for trial plaintiff unsuccessfully pressed for a continuance. There was considerable discussion back and forth with the court; and when it was made plain to plaintiff that the case would not be continued he requested that a nonsuit be entered. The record recites that a "voluntary nonsuit for plaintiff" was entered on November 5, 1947. Plaintiff's appeal was taken from the "judgment or order" of the trial court entered that day. Since the record shows no other "judgment or order" entered that day plaintiff's appeal was obviously taken from the order permitting the entry of his voluntary nonsuit.

We think it is clear that plaintiff's appeal cannot be entertained. Under the long-established practice in this jurisdiction a voluntary nonsuit by plaintiff is a withdrawal or abandonment of his case, with costs adjudged against him, with no adjudication on the merits,[1] and with the right to file a new action. It leaves the situation as though suit had never been filed.[2]

Long ago, in Rudolph v. Sensener, 39 App.D.C. 385, the applicable law was stated thus: "The plaintiff in an action at law may, save at certain stages of the trial and under certain conditions not necessary to be enumerated, voluntarily discontinue or take a nonsuit; and no appeal lies from the entry thereof, because the action may be brought anew." [3]

[1] Morse v. Bragg, 71 App.D.C. 1, 107 F.2d 648.

[2] Maryland Casualty Co. v. Latham, 5 Cir., 41 F.2d 312.

[3] See also American Electrotype v. Kerschbaum, 70 App.D.C. 241, 105 F.2d 764.

742

In the federal courts, and elsewhere by the great weight of authority, it is well settled that an order of nonsuit entered at the request of plaintiff or with his consent, is not reviewable at his instance, "because he is estopped from convicting the trial court of an error which he requested it to commit." [4] We have found no case holding that a plaintiff may prosecute an appeal from an order granting him a nonsuit at his own instance.

But, says plaintiff, the trial court erred "in compelling the plaintiff no other alternative than to take a voluntary nonsuit." The ztenographic transcript does not support his charge that there was anything compulsory about the step he took. True it is that his request for a continuance had been denied and that the trial court had also refused to dismiss the action without prejudice. But his alternative was clear. Without yielding any rights he could have submitted to the court's ruling and proceeded to trial, and then if judgment went against him, he could have appealed. He chose the other course, declined to go to trial, and asked the court to enter a voluntary nonsuit. Thus it is plain that he invited the very action of which he now complains. An almost identical situation was involved in Kelly v. Great Atlantic & Pacific Tea Co., 4 Cir., 86 F.2d 296, 297. There a motion by plaintiff to remand to the state court was overruled and plaintiff refused to proceed in the federal court, and at his instance the action was dismissed. On his appeal the Circuit Court pointed out that no appeal lies from a judgment of voluntary nonsuit and that "it does not help plaintiff to say that his complaint is of the order refusing remand of the cause and not of the judgment of nonsuit, which is relied upon merely as a final order from which appeal may be taken." Speaking for the court, Parker, J., went on to say: "The order refusing to remand the case did not, of course, determine it; and it cannot be said that, when plaintiff refused to proceed, there was nothing for the court to do but to dismiss the case and that it was therefore

virtually ended. If plaintiff, after refusing to proceed, had not taken a voluntary nonsuit, defendant could have insisted on a verdict and judgment on the merits, which would have been determinative of the rights of the parties and would not have left plaintiff at liberty to commence another action for the same cause, as is his right under the voluntary nonsuit. The crux of the matter is that an order refusing to remand is not a final or appealable order, and plaintiff cannot make it in effect appealable by the simple expedient of taking a voluntary nonsuit and appealing."

The language just quoted aptly fits this situation. From it and from what we have said, it seems inescapable that plaintiff has no standing on this appeal and that there is no occasion for us to consider or decide several other errors he has assigned, concerning matters which took place earlier in the proceedings.

Appeal dismissed.

---

[4] Francisco v. Chicago & A. R. Co., 8 Cir., 149 F. 354, 355, 9 Ann.Cas. 628; Cybur Lumber Co. v. Erkhart, 5 Cir., 247 F. 284; see also Kelly v. Great Atlantic & Pacific Tea Co., 4 Cir., 86 F. 2d 296; Huntt v. McNamee, 4 Cir., 141 F. 293.