**NATIONAL EXCHANGE CLUB, Inc., v. REAMS, Collector of Internal Revenue, et al.**

**Civil Action No. 4825.**

District Court, N. D. Ohio, W. D.
March 18, 1943.

Amos L. Conn, John W. Winn, and Fraser, Shumaker, Kendrick & Winn, all of Toledo, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., of Toledo, Ohio, Samuel O. Clark, Jr., Asst. Atty. Gen., Harold D. Cohen, Andrew D. Sharpe, and Frank J. Ready, Sp. Assts. to Atty. Gen., and Nathan R. Berke, Field Attorney, Federal Security Agency, of Detroit, Mich., for defendant.

KLOEB, District Judge.

Under date of September 10, 1942, the plaintiff filed its petition against "Frazier Reams, Collector of Internal Revenue for the Northern District of Ohio, Western Division", in which it sought to recover from the defendant the sum of $3,397.99, with interest, on account of Federal Insurance Contributions Tax and Federal Unemployment Tax, apparently paid by petitioner to the Collector of Internal Revenue in the years 1939, 1940 and 1941, and from which taxes it claimed to be exempt. Frazier Reams succeeded to the office of Collector of Internal Revenue after the payments of the tax.

Thereafter, the petitioner, apparently realizing that the taxes sought to be recovered had not been paid to Frazier Reams, Collector of Internal Revenue, and that, therefore, it had not complied with the express provisions of the Tucker Act, Sec. 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), and apparently desiring to state another and different cause of action against the Collector in order to restrain him from the threatened collection of future taxes arising from the same sources, filed its amended petition under date of September 30, 1942.

In this amended petition, the plaintiff makes Frazier Reams, Collector of Internal Revenue, and the United States of America, defendants. The amended petition, without separating and numbering two separate and distinct causes of action, then proceeds to set out, first, a cause of action against the Collector of Internal Revenue, in which it seeks to restrain the Collector from the collection of future installments of taxes, and employs, among other things, the following language:

"and that said defendant intends to, and unless restrained by this Court, will enforce said order of distraint, and in the enforcement thereof will seize and sell all of the property and effects of the plaintiff, to the irreparable injury of the plaintiff; and that the plaintiff has no adequate remedy at law.

"That the plaintiff is without funds with which to pay said alleged taxes, interest and penalties; and that the seizure and sale of its property and assets, consisting almost entirely of office furniture and equipment, and its books and records, will utterly destroy the plaintiff and its ability and capacity to render the educational services in which it is engaged, and to carry forward its educational program in the several fields

hereinbefore set forth, and would bring about a complete cessation of the plaintiff's service program."

For its second cause of action, which apparently is directed against the United States of America, the plaintiff seeks to recover the sums already paid to the predecessors of the present Collector of Internal Revenue.

Under date of November 18, 1942, Frazier Reams, Collector of Internal Revenue, filed his motion to dismiss the action on the ground "that there is a misjoinder of causes and parties, in that in a suit against the United States under the Tucker Act, to recover Federal taxes paid, the plaintiff has joined the cause of action against the Collector of Internal Revenue to restrain the collection of Federal taxes, which latter cause is expressly prohibited by Sec. 3653 of the Internal Revenue Code."

Sec. 3653(a), 26 U.S.C.A. Int.Rev.Code, § 3653(a), reads in part as follows:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The inevitable result of an attempt upon the part of the Courts to amend the positive prohibitions of an express statute is to bring about confusion in attempts to define and discern in accordance with the exceptions designated by the Courts.

Without casting any reflections on plaintiff herein and crediting it with complete honesty and fairness, yet, generally speaking, the ultimate purpose of a plaintiff who seeks to restrain the collection of a tax on the ground that the alleged tax is erroneous or illegal is to prevent the collection of the tax until the question of legality can be determined. In order to effect his purpose, the pleader must employ superlatives sufficiently numerous and strong to bring his client within the exceptions prescribed by the Courts. Once this is done, he has attained his objective, has secured a restraint on the collection of the tax, and has thereby circumvented the express provisions of the statute.

In the instant case, that portion of the amended petition which seeks to restrain the Collector contains language almost, if not, identical with the language employed in the case of Midwest Haulers, Inc., et al. v. Brady, 6 Cir., 128 F.2d 496. This case also holds that "allegations of the complaint are admitted by a motion to dismiss." The Court, therefore, feels that the argument of the defendant Collector of Internal Revenue that "the plaintiff has joined a cause of action against the Collector of Internal Revenue to restrain the collection of Federal taxes, which latter cause is expressly prohibited by Sec. 3653 of the Internal Revenue Code", is of no avail.

The Court is of the opinion that the motion to dismiss on the ground that there is a misjoinder of causes and parties should be overruled. Misjoinder of parties is not ground for dismissal of an action. Rule 21, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. There should be filed a second amended petition, separately stating and numbering the causes of action. We then have an amended petition in which two separate causes of action are set forth, one asking for a restraining order against the Collector, and the other seeking to recover from the Government of the United States taxes alleged to have been erroneously and illegally collected. Underlying both causes of action is the inescapable fact, as set forth in plaintiff's brief in opposition to the motion to dismiss, that "the same primary question of law is presented by each claim, i.e., whether the plaintiff is or is not liable for the taxes in question."

The Court, under the provisions of Rule 42 of the Rules of Civil Procedure, may try the issue of the legality or illegality of the tax collected and sought to be collected, and that is the ultimate point that both the plaintiff and the defendants are interested in having determined. In this connection, we are then in much the same situation as that which confronts the Court in the case of Midwest Haulers, Inc., v. Brady, supra, wherein the plaintiff has pending, not a petition containing two separate causes of action, but two separate cases in this Court—one in which he seeks to restrain the Collector, and another in which he seeks to recover from the United States of America for taxes paid. Very recently, at pretrial conference, Counsel for both sides stipulated that the suit to recover for taxes paid might be submitted to the Court at the coming April assignment of non-jury cases for trial, and that the ultimate question of legality or illegality of the taxes involved may be determined and be applicable to the other suit in which a restraint is sought.

The motion to dismiss is overruled.