**RILEY v. TITUS** et al.

No. 10625.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 21, 1951.

Decided May 24, 1951.

Miss Mary M. Riley, pro se.

Mr. Richard M. Roberts, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., were on the brief, for appellees.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The appellant, Mary M. Riley, was employed in the classified civil service of the United States Government from March, 1931, until suspended on May 23, 1945, and dismissed on June 22, 1945, by order of the Commanding General of the Philadelphia Quartermaster Depot. This action was subsequently review by various higher authorities within the Department of War, including the Office of the Secretary of War, and by the Civil Service Commission, Board of Appeal and Review. While failing to secure reinstatement, the appellant did receive an advisement from the Board of Appeal and Review "that, if a request is received for your services from an employing agency, no objection will be interposed to your reinstatement."

Following these developments, the appellant, acting as her own attorney, brought this suit in the District Court, alleging that she had been unlawfully suspended and discharged from her employment and that she had been damaged by the improper and tortious use of authority by her governmental superiors. While her complaint lacks the formality and clarity ordinarily associated with such pleadings, there appear with sufficient certitude prayers for three principal types of relief. These include compensation from the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., a money judgment from the United States for back pay, and a declaratory judgment that her suspension and discharge were illegal. Incidental to the latter she sought reinstatement to equivalent govern-

ment employment and the correction of her civil service, sick-leave, and retirement records.

Upon the defendants' motion to dismiss and affidavits submitted by both parties, the District Court granted summary judgment for the defendants pursuant to Rules 12(b) and 56, Fed.R.Civ.P., 28 U.S.C.A. This appeal followed. As designated in the complaint and amendment thereto, the defendant-appellees are George F. Titus, former Chief Accountant, Office of Supervisory Cost Inspector, U. S. N., Philadelphia, Pennsylvania; Charles E. Miller, former Captain, Quartermaster Depot, War Department, Philadelphia, Pennsylvania; William Hull, Executive Assistant, United States Civil Service Commission, Washington, D. C.; Harry Mitchell, President, United States Civil Service Commission, Washington, D. C.; and the United States.

On appeal the appellant informed this court that she has now found employment in the classified civil service equivalent to that from which she was removed. Accordingly, she has abandoned her prayer for reinstatement. This leaves for review the action of the District Court in regard to the remaining claims.

The appellant bases her suit for recovery under the Federal Tort Claims Act upon alleged misconduct of her superior officers prior to her discharge. For the most part, however, her complaint describes their action in only such general and conclusionary terms as "arbitrary" and "unlawful." No factual allegations emerge from her voluminous pleadings and affidavits with sufficient clarity to show a basis for recovery on a theory of tort liability. At the most there are only remote references to a "conspiracy" and "threats" by two persons who were her superiors at different times, in different states. In a parallel situation, this court has stated, "Though it [the complaint] characterizes appellees' alleged conduct as wrongful, unlawful, and malicious, it does not sufficiently disclose the conduct to enable a court to judge whether or not it was tortious." Burns v. Spiller, 1947, 82 U.S.App.D.C. 91, 161 F.2d 377, certiorari denied, 1947, 332 U. S. 792, 68 S.Ct. 101, 92 L.Ed. 373. See Rule

8(a), Fed.R.Civ.P. In that case the complaint was dismissed for failure to state a claim upon which relief could be granted; there appearing no issue as to any material fact, the granting of summary judgment was proper in regard to this aspect of appellant's case for the same reason.

 Appellant also seeks a judgment against the United States for the accumulated salary of the position from which she was discharged. The appellees urge that summary judgment was proper and, in addition, that the District Court lacked jurisdiction to grant a judgment such as appellant seeks. It is clear that the District Court did not determine the question of jurisdiction adversely to appellant.[1] The question whether persons occupying positions similar to that occupied by appellant may maintain suit in the District Court for back pay is one of considerable importance and difficulty. Section 1346 of the Judicial Code provides that "The district courts shall not have jurisdiction under this section of: * * * (2) Any civil action to recover fees, salary, or compensation for official services of *officers* of the United States." (Emphasis added.) 28 U.S.C. § 1346(d) (2). Was appellant an "officer" within the meaning of that section? The record before us, which does not show the circumstances and conditions of appellant's

appointment, is inadequate for a determination of that question, even recognizing that this court may raise, *sua sponte,* defects of the District Court's jurisdiction which are apparent on the face of the record. See Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001. A remand is required.[2]

 Apart from the question of jurisdiction, on the record before the District Court the summary judgment was inappropriate. Appellant made a prima facie showing below that she was not afforded her full statutory rights under the statute governing removals from the classified civil service.[3] Appellant has, however, on her own motion, submitted affidavits and other papers to this court which indicate that the statute may well have been complied with. But the record is confused. Even were it appropriate in reviewing summary judgment for this court to consider additional affidavits not before the District Court, as to which we express no opinion, we do not think that this would be a proper case. "We cannot draw conclusions by speculation where the data necessary for certainty was not given in the trial court." Carr v. Corning, 1950, 86 U.S.App.D.C. 173, 181, 182 F.2d 14, 22; Anderson v. United States, 1 Cir., 1950, 182 F.2d 296; see, also, Eberlein v. United States, 1921, 257 U.S. 82, 84, 42

1. Under Rule 12(b), Fed.R.Civ.P., it is only on a motion asserting the defense numbered (6), failure to state a claim upon which relief can be granted, that the motion "shall be treated as one for summary judgment" when matters outside the pleading are presented to and not excluded by the court. A motion to dismiss for lack of jurisdiction over the subject matter is not so converted for obvious reasons. Had the court determined that it had no jurisdiction over the subject matter, dismissal rather than summary judgment would have been the proper disposition. See Miller v. Woods, 1950, 87 U.S.App.D.C. 324, 185 F.2d 499.

2. It may be noted also, without deciding, that other jurisdictional questions may be presented by the possible misjoinder of individual defendants with the United States. See United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058; compare National Exchange Club v. Reams, D.C.N.D.Ohio 1943, 4 F.R.D. 151; Rule 21, Fed.R.Civ.P.; United States v. Yellow Cab Co., 1951, 340 U.S. 543, 553, 71 S.Ct. 399. Since, as we have noted, these questions were not considered by the court below, and in view of the disposition which we now make of this case, we express no opinion upon their resolution. See Van Der Weyde v. Ocean Co., 1936, 297 U.S. 114, 118, 56 S.Ct. 392, 80 L.Ed. 515.

3. Act of August 24, 1912, c. 389, § 6, 37 Stat. 555, 5 U.S.C.A. § 652, as in force in June, 1945 (when appellant was dismissed). We note, for example, that from the papers submitted to the District Court it appears that appellant did not receive notice that her removal was being sought, or a copy of the charges preferred against her. But the papers submitted in this court yield a contrary impression.

S.Ct. 12, 66 L.Ed. 140; Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 139, 171 F.2d 145, 146.

■ Accordingly, the conclusion must follow that on the present state of the record at least, the appellees have not shown that they are entitled to judgment as a matter of law. In such circumstances the granting of summary judgment was precluded. Elder v. Brannan, 1950, 87 U.S. App.D.C. 117, 184 F.2d 219, modified, 1951, 341 U.S. 277, 71 S.Ct. 685. Anderson v. United States, supra. Rule 56(c) of the Federal Rules provides that summary judgment shall be granted if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The latter condition was not, on the record before us, fulfilled. The same situation which made it error to give summary judgment for defendants on the claim for back salary precluded also such judgment on plaintiff's request for a declaratory judgment, since it does not appear this relief was denied as a matter of discretion. Denial on that ground, however, remains open for consideration by the District Court in the circumstances as they might develop. See Brillhart v. Excess Ins. Co., 1942, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620; Consumer Mail Order Association v. McGrath, D.C.D.C., 1950, 94 F.Supp. 705, affirmed, 1951, 340 U.S. 925, 71 S.Ct. 500.

■ The appellees urge on appeal that the claims of appellant are barred by laches. This defense, however, is required to be made affirmatively in the District Court under Rule 8(c), Fed.R.Civ.P.; and Rule 12(b) requires that such an affirmative defense be made by a responsive pleading. The appellees, however, moved to dismiss, and this, under the above Rules, did not raise the question of laches; nor did the affidavits filed in the District Court affirmatively raise that issue. When, therefore, the court granted summary judgment pursuant to the provisions of Rule 12(b), no issue of laches was presented by the pleadings or affidavits. See footnote 1, supra.

Reversed and remanded for further proceedings.