**TELE-VIEWS NEWS COMPANY, Inc.**

v.

**S. R. B. TV PUBLISHING CO., Inc. and Triangle Publications, Inc.**

**Civ. A. No. 29404.**

United States District Court
E. D. Pennsylvania.

July 21, 1961.

On Motion for Reargument

Sept. 18, 1961.

———◆———

LaBrum & Doak, Philadelphia, Pa., Rothschild, Hart, Stevens & Barry, Chicago, Ill., of counsel, for plaintiff.

Dilworth, Paxson, Kalish, Kohn & Dilks, by Jacob Kalish & Harold E. Kohn, Philadelphia, Pa., for Triangle Publications, Inc.

WOOD, District Judge.

This suit was originally instituted in the Northern District of Illinois on June 13, 1960. Neither of the defendants filed an answer in Illinois; nor has an answer been filed to date. However, the defendant Triangle Publications, Inc. (hereinafter referred to as "Triangle") filed in Illinois both a motion to dismiss for failure to state a claim and a motion to transfer the suit to the Eastern District of Pennsylvania. In addition, discovery procedures were begun in Illinois. On March 2, 1961, the motion to transfer to this District was granted. Immediately thereafter, plaintiff filed with the Clerk of the Court for the Northern District of Illinois a notice of voluntary dismissal. Triangle then filed a motion to vacate the notice of dismissal. The Illinois District Court never decided either the motion to dismiss for failure to state a claim upon which relief could be granted or the validity of the notice of dismissal.

In this posture, the case came to the Eastern District of Pennsylvania. Meanwhile, the plaintiff filed the identical suit in the United States District Court for the Southern District of Iowa. The Clerk's file of the suit originally begun in the Illinois District Court having been sent to the Clerk for the Eastern District of Pennsylvania, the defendant Tri-

angle moved this Court to enjoin the plaintiff from proceeding with the suit in Iowa until the merits of the case are adjudicated here.

At the hearing on the motion for the preliminary injunction, the plaintiff contended that this Court had no jurisdiction over the parties, nor any power to act in any way concerning this suit because the suit was dismissed when the plaintiff filed the notice of voluntary dismissal in the Illinois District Court. The defendant Triangle contended that the effectiveness of the notice of dismissal was not presently before the Court, and that in any event, the notice of dismissal was ineffective because it was filed subsequent to the Court's order transferring the case to the Eastern District of Pennsylvania. We withheld our decision on the motion for a preliminary injunction until counsel for defendant Triangle had the opportunity to brief and argue the question of the effectiveness of the notice of dismissal. This argument was heard in the form of a motion to strike the plaintiff's response to the defendant's motion to vacate the notice of dismissal.

The question presented is whether a plaintiff has the unqualified right to dismiss an action without an order of the Court after a defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted (unaccompanied by affidavits or other extraneous matter), and after defendant has filed, briefed, argued and won a motion to transfer the case, but before either an answer or a motion for summary judgment has been served.

The question presented depends upon the provisions of Rule 41(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides in pertinent part as follows:

"* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs * * "

It is obvious that a literal reading of the Rule compels the conclusion that the plaintiff *did* succeed in dismissing this suit, since the notice of dismissal was filed before the defendant served an answer or a motion for summary judgment on the plaintiff. However, the defendant Triangle has urged us to interpret the Rule "liberally," keeping in mind that Triangle expended considerable time and effort in preparing and arguing the various motions in the District Court in Illinois, and furthermore, that Triangle was successful in having the suit transferred here. It would be unfair, contends Triangle, to allow the plaintiff to frustrate the order of the Illinois District Court (which judicially determined that the Eastern District of Pennsylvania was the more convenient forum in which to try this case) by dismissing this suit and beginning a new suit on the same cause of action in Iowa. Although we are in sympathy with the defendant's position, we think, for reasons explained below, that we are not free to rewrite the provisions of Rule 41.

It is noteworthy that Rule 41(a) (1) has been amended since its promulgation in 1937. Originally, the Rule provided only that the plaintiff could dismiss as of right at any time before an answer was served. There was no mention of a motion for summary judgment as a further limitation on plaintiff's right to dismiss. In 1946, after the Courts had experience with the Rule, and after the play of an informed professional critique upon its provisions,[1] the Rule was amended to include a motion for summary judgment as further limiting the plaintiff's right to dismiss. The

---

1. The Rule had been criticized by Professor Moore in an earlier edition of his treatise on Federal Practice.

Committee Note to the 1946 Amendment stated:

> "A motion for summary judgment may be forthcoming prior to answer, and if well taken will eliminate the necessity for an answer. Since such a motion may require even more research and preparation than the answer itself, there is good reason why the service of the motion, like that of the answer, should prevent a voluntary dismissal by the adversary without court approval."

At the time of this amendment, it would have been a relatively simple matter to include in the Rule other motions which are often made before the answer is served if the Committee had intended to limit still further the plaintiff's right to a voluntary dismissal.[2] In particular, Rule 12(b) permits certain defenses to be raised by motion, and if so raised, the motions must be made before any further pleadings are made. These defenses include, among others, (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, and (6) failure to state a claim upon which relief can be granted. Such motions may involve considerable work on the part of both Court and counsel. Yet Rule 41(a) does not deprive plaintiff of his right to dismiss upon the service of any of these motions by the defendant. Nor have the Courts attempted to judicially extend the Rule so as to include such motions.[3]

We recognize that some cases have held that the plaintiff could not dismiss without court order, even though no motion for summary judgment or answer had been served.[4] Defendant Triangle relies heavily on the cases of Harvey Aluminum, Inc. (cited below), and Sims v. Union News Co., D.C.S.D.N.Y.1954, 120 F.Supp. 116.

The Harvey Aluminum case is readily distinguishable. In that case, the merits of the controversy had been before the Court and had been argued on the motion for a preliminary injunction. The merits of the case at bar have never been the subject of proof or argument before any Court. Furthermore, we think the Harvey Aluminum case should be confined to its narrow factual situation.

The Sims case, supra, presented the identical question involved here, and held that the plaintiff did not successfully dismiss after the order of transfer because there was no suit to dismiss in the district in which the notice of dismissal was filed when it was filed; namely, after the order of transfer. We decline to follow the Sims case. We are fortified in this conclusion by the case of Littman v. Bache & Co., 2 Cir., 1958, 252 F.2d 479, which specifically disapproved the result in the Sims case. In the Bache case, the district court had granted the defendant's motion to transfer the case from the Southern District of New York to the Southern District of Florida. The district court had then vacated the plaintiff's notice of dismissal, which had been

---

2. See Rife v. McElwee-Courbis Const. Co., D.C.M.D.Pa.1954, 16 F.R.D. 11, at page 13, where the court, holding that plaintiff could dismiss without court order after defendant had moved for a stay and for an order directing arbitration, stated: " 'The amount of research and preparation required of defendants was stressed by the Committee Note when Rule 41(a) (1) was amended * * *' It is significant that the sole additional road block to a dismissal under this rule is a motion for summary judgment."

3. See Moore's Federal Practice, Vol. 5, p. 1012, and footnotes 23 and 24; also 1960

Supplement to those footnotes for examples of cases holding plaintiff had right to dismiss without court order after such motions had been filed.

4. See Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105, where the court held that plaintiff could not voluntarily dismiss suit after its motion for a preliminary injunction had been argued and court had ruled against plaintiff *when the merits of the case had been thoroughly explored on that motion.*

filed *after* the motion for transfer was granted. The Circuit Court of Appeals reversed the district court. It held that the plaintiff was not deprived of his unconditional right to dismiss by the motion to transfer and the granting of that motion, stating:

"The only issue that was raised before the District Court was whether to grant defendant's motion to transfer the action to the Southern District of Florida. The merits of the controversy were never before the court." At page 481.

Although the Bache case is not decisively controlling on us, it is the only appellate court case we have found which answers the precise question before us, and as such, is very persuasive authority.

■■ Two secondary arguments of the defendant Triangle deserve comment. First, with regard to the propriety of filing the notice of dismissal with the Clerk of the Illinois District Court, we think that this is a purely technical question and that for all practical purposes (the defendant Triangle having been adequately notified of the notice of dismissal) filing in that Court was sufficient. Second, with regard to the propriety of the motive of the plaintiff in dismissing; namely, to avoid trying the case in the Eastern District and to succeed in trying it in Iowa, we see nothing illegal in this. See Mott v. Connecticut General Life Ins. Co., D.C.N.D.Iowa 1942, 2 F.R. D. 523.

Finally, because of the somewhat harsh results reached in this matter, we would entertain a motion for certification of the question presented by these motions if the defendant Triangle would care to move for certification.

For the foregoing reasons, we make the following findings of fact, conclusions of law, and order:

1. The cause of action sued upon in Civil Action No. 2–493, now pending in the United States District Court for the Southern District of Iowa, entitled "Triangle Publications, Inc. v. SRB TV Publishing Co., Inc., the defendants" is the same as the cause of. action here sued upon.

2. Although the action transferred to the Eastern District of Pennsylvania was commenced prior to the action now pending in the Southern District of Iowa, this action was effectively dismissed by the plaintiff when it filed its notice. of voluntary dismissal in the District Court of Northern Illinois.

3. As a result, this Court has no jurisdiction over the parties to this suit.

### Order.

And now, to wit, this 21st day of July, 1961, the defendant Triangle's motion for a preliminary injunction is hereby denied. The Clerk is directed to mark this suit dismissed without prejudice.

### On Motion for Reargument

On July 21, 1961, we entered a memorandum and order denying defendant Triangle's motion for a preliminary injunction and ordering the Clerk to mark the action "dismissed without prejudice." The rather complicated procedural questions and our answers thereto are set forth in detail in that memorandum. We granted the defendant Triangle's motion for a reargument for the sole purpose of permitting counsel for both plaintiff and defendant to elaborate on a question which was only mentioned in their initial arguments, namely: whether the service by Triangle on the plaintiff of papers titled "motion to dismiss" precluded the plaintiff thereafter from entering a voluntary notice of dismissal. With regard to all other questions dealt with in our former memorandum and order we wish to make it clear that we adhere to our original views stated therein.

The defendant Triangle argues that its motion to dismiss for failure to state a claim upon which relief can be granted should be regarded as the equivalent of a motion for summary judgment, and should therefore render the plaintiff's

notice of dismissal a nullity. This contention is based on the fact that Rule 12 (b) (6), 28 U.S.C., states that when a motion to dismiss for failure to state a claim is accompanied by affidavits or other extraneous matter, presented to and not excluded by the Court, then such a motion shall be treated as a motion for summary judgment.[1] Since Rule 41(a) provides that a party may not voluntarily dismiss an action after the adverse party has served a motion for a summary judgment, defendant Triangle contends that the service of a motion to dismiss for failure to state a claim (when accompanied by affidavits presented to and not excluded by the Court) should also prevent the voluntary dismissal of a suit.

In the case at bar, the motion to dismiss for failure to state a claim was not, technically speaking, "accompanied by affidavits." See our memorandum opinion of July 21, 1961, p. 3. However, on August 9, 1961, counsel for defendant filed an affidavit stating that when Triangle's motion to dismiss was argued before the Illinois District Court, affidavits which had been filed in connection with other motions were referred to by both parties in their briefs and oral argument. Triangle contends, therefore, that in retrospect, the motion to dismiss is identical with a motion for summary judgment.

The plaintiff counters this argument by pointing out that the Illinois District Court never decided the motion to dismiss, and therefore it is impossible to know whether the Illinois District Judge would have treated the motion as a motion for summary judgment (thus accepting the affidavits), or whether he would have treated it as it was titled, a motion to dismiss. Therefore, argues plaintiff, it is not possible to say that the defendant Triangle served the equivalent of a motion for summary judgment upon plaintiff prior to plaintiff's notice of dismissal.

In our opinion, it is not important to know whether the Illinois District Judge would have treated the defendant's motion as a motion for summary judgment. The point is that on the record as it was before him, he could have treated the motion as one for summary judgment. Had he decided the motion, that decision (had it been favorable to the defendant) would have resulted in preventing the plaintiff from suing the defendant Triangle on the set of facts alleged in the complaint. This is true whether the District Judge considered the motion as a motion to dismiss for failure to state a claim or a motion for summary judgment.

We think that a motion to dismiss for failure to state a claim upon which relief can be granted should be regarded as the equivalent of a motion for summary judgment for the purposes of applying Rule 41(a). While it is true that a motion to dismiss for failure to state a claim attacks the sufficiency of the complaint and looks toward a dismissal of the complaint as distinguished from a judgment for the defendant, if the motion has merit it often does result, not only in a dismissal of the complaint, but in a complete dismissal of

---

1. The Committee note of 1946 to amended subdivision (b) explains the added portion of the Rule as follows:

"Some courts have held that as the Rule by its terms refers to statements in the complaint, extraneous matter * * * may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the district courts have permitted the introduction of such material. When these cases have reached Circuit Courts of Appeals in situations [where the district court considered the extraneous material and entered judgment for one party or the other] the Circuit Courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading * * *. In this manner and to this extent the amendment regularizes the practice above described." See Moore's Federal Practice, Vol. 2, pp. 2211–2213.

the action, thus precluding plaintiff from suing again on the same set of facts.[2] This is true whether or not the motion to dismiss is accompanied by extraneous matter and treated as a motion for summary judgment, or whether it is treated as a genuine motion to dismiss.[3] A defendant's motion for summary judgment need not be accompanied by affidavits, and whether it is so accompanied or not, it tests the sufficiency in law of the facts alleged in the complaint.

Of course, both the motion for summary judgment and the motion to dismiss for failure to state a claim involve considerable preparation by counsel and study by the Court. We see no logical reason for differentiating a motion for summary judgment, a motion to dismiss for failure to state a claim accompanied by extraneous matter, and a motion to dismiss for failure to state a claim not accompanied by extraneous matter—at least for the purposes of Rule 41(a).

■ Our conclusion in this matter forces us to reverse our prior finding that the plaintiff had succeeded in voluntarily dismissing this suit. We now hold that since the notice of voluntary dismissal was filed subsequent to the defendant's service of a motion, the equivalent of a motion for summary judgment, the plaintiff's notice of dismissal was a nullity. It follows that the case was validly transferred to this Court and that we have jurisdiction over the parties and over the subject matter of this suit. The defendant Triangle has renewed its request for a preliminary injunction restraining the plaintiff from proceeding with this same action in Iowa. So many other procedural issues were argued in this case that plaintiff's counsel has never

really addressed himself to the priority of entering such an injunction, were we to reach that question. Therefore, in fairness to plaintiff, we will enter an order now limited to a declaration of the pendency of this action in this Court. Plaintiff shall be given an opportunity to submit a brief on the limited question of the propriety of our now restraining the Iowa action.

---

2. See Restatement of Judgments, Section 50, Comment C.

3. See Moore's Federal Practice, Vol. 6, p. 2063, where it is stated: ·
"Accordingly, a motion for summary judgment may be made wholly on the pleadings. If the motion is made by the defendant solely on the basis of the complaint the motion is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12 (b) (6) * * *"