**APEX LIQUORS, INC., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 16656.

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1962.

Decided May 18, 1962.

Petition for Rehearing and for Rehearing in Banc Denied June 27, 1962.

* WILBUR K. MILLER, Chief Judge, and EDGERTON, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges.

Mr. F. Joseph Donohue, Washington, D. C., with whom Mr. Philip P. Marenberg, Washington, D. C., was on the brief, for appellant.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, DANAHER and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

A retail liquor dealer appeals from a judgment condemning and forfeiting 484 cases of alcoholic spirits on the ground that no District of Columbia tax stamps had been affixed and the required District tax had not been paid. The District Court found that the spirits were delivered to appellant from October 1958 through January 14, 1959; that on January 22, 1959 no stamps had been affixed; that the tax had not been paid; and that the spirits were properly seized, were subject to condemnation, and should be sold at auction.

The Alcoholic Beverage Control Act of the District of Columbia provided that "taxes on spirits or alcohol shall be collected and paid by the affixture of a stamp or stamps secured from the Commissioners * * * denoting the payment * * * upon the immediate container of the beverage * * *." D.C. Code (1951) Supp. VIII (1960) § 25–124(c). On spirits purchased outside the District by a retailer, the stamps "shall be affixed within twenty-four hours (excluding Sunday from the count) after the spirits of alcohol is received at the licensed premises of said retailer * *." § 25–124(e). If the "tax required has not been paid" within 24 hours, the spirits are "liable to seizure * * * and to forfeiture by the District of Columbia. And the absence of the proper stamps from any container * * * after the time at which the affixture of the stamp is required * * * shall be notice to all persons that the tax has not been paid * * *." § 25–124(i).

Appellant did not and does not contend that stamps had been affixed to the liquor, or that it had been on appellant's premises less than 24 hours. Appellant contends among other things that the officers who seized the liquor did not know it had been there 24 hours; that there were stamps on appellant's premises with which the tax could have been paid; that the inspector failed to follow established custom in refusing to let appellant affix the necessary stamps in his presence; that the condemnation proceedings were begun nearly two years after the liquor was seized; that in the meantime the Alcoholic Beverage Control Board had held a hearing on substantially the same charges, to determine whether appellant's license should be revoked, and had dismissed the charges for lack of proof; and that if established custom had been followed, the spirits would

thereupon have been returned to appellant.

■■ Most of appellant's contentions were proved at the trial and for present purposes we may assume that all are true. They do not affect the validity of the condemnation and forfeiture. Buying the necessary stamps from the Commissioners, like withdrawing the necessary money from a bank, is only a step toward payment of the tax, since the law requires that the tax "shall be collected and paid by the affixture of a stamp or stamps * * * upon the immediate container of the beverage * * *." This is a reasonable way of making sure that the tax is paid.

Appellant did not plead laches. "This defense * * * is required to be made affirmatively in the District Court under Rule 8(c), Fed.R.Civ.P.; and Rule 12 (b) requires that such an affirmative defense be made by a responsive pleading." Riley v. Titus, 89 U.S.App.D.C. 79, 82, 190 F.2d 653, 656.

Affirmed.