Franklin NIX, Plaintiff-Appellant-Cross Appellee,

v.

FULTON LODGE NO. 2 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS et al., Defendants-Appellees-Cross Appellants.

Franklin NIX, Plaintiff-Appellant-Cross Appellee,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Defendants-Appellees-Cross Appellants.

No. 71–1395.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1971.

Rehearing and Rehearing En Banc Denied Jan. 5, 1972.

William G. McRae, Atlanta, Ga., for plaintiff-appellant.

J. R. Goldthwaite, Jr., Atlanta, Ga., Plato Papps, Bernard Dunau, Washington, D. C., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This appeal has to do with two suits filed in the Northern District of Georgia. In the first, Civil Action No. 10,-463, filed pursuant to the Labor-Man-

agement Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C.A., § 401 et seq., plaintiff sought to enjoin his expulsion from union membership and also claimed damages. The district court found that he had been unlawfully disciplined for making statements protected by the free speech provision of the LMRDA, 29 U.S.C.A., § 411(a) (2). Injunctive relief was granted against the Local Lodge and the International Association of Machinists and Aerospace Workers (Grand Lodge). Nix v. Fulton Lodge No. 2 of IAM, N.D.Ga.1967, 262 F.Supp. 1000. The question of damages was reserved.

Both the Local Lodge and the Grand Lodge appealed to this court. The decision below was affirmed in all respects except as to the application of the injunction to the Grand Lodge. We held that the District Court never acquired jurisdiction over the Grand Lodge by virtue of proper designation of the Grand Lodge as a defendant, service of process, or appearance. In reversing as to the Grand Lodge we held that Nix would be entitled, on remand, to amend to seek relief against the Grand Lodge. Fulton Lodge No. 2 of IAM v. Nix, 5 Cir. 1969, 415 F.2d 212, 220.

Accordingly, appellant Nix filed an amendment to his complaint in the district court adding the Grand Lodge as a defendant. However, in the same amendment, he expanded the scope of the suit to allege wrongful discharge from his employment as Press Representative for the Grand Lodge and prayed for reinstatement to employment and other appropriate relief.

The defendants filed motions to dismiss the amended complaint, urging lack of subject-matter jurisdiction, that the complaint failed to state a claim upon which relief could be granted under the LMRDA, or in the alternative, that the claims were barred by principles of res judicata. Thereafter, plaintiff filed a notice of dismissal of this amended complaint against the Grand Lodge, thus eliminating the claim for reinstatement to his job as Press Representative for the Grand Lodge and for damages against the Grand Lodge on account of the discharge. The Grand Lodge objected to the dismissal.

Meanwhile, some two months later, plaintiff filed the second suit, Civil Action No. 13,818. Count I of the complaint was addressed essentially to plaintiff's former employment with the Grand Lodge. He alleged wrongful, malicious, and wanton conduct in administering discipline under the IAM constitution which resulted in his discharge from employment and expulsion from union membership. In the way of relief he requested restoration to employment with the union, damages and counsel fees. This complaint contained a second count which sought declaratory and injunctive relief on behalf of all union members against the Grand Lodge's enforcement of Article L, § 3 of the IAM constitution, on the ground that its provisions authorizing discipline of union members for false or malicious statements against other union members or officers are inconsistent with the free speech provisions of LMRDA, 29 U.S.C. A., § 411(a) (2).

The district court overruled the Grand Lodge's objection to its dismissal from C.A. No. 10,463. Then as to Count I of C.A. No. 13,818, the court ruled that principles of collateral estoppel required judgment for the Grand Lodge on that count. As to Count II, the court over objection from the Grand Lodge, allowed the class action to be brought but narrowed the class. This count was then dismissed with permission granted to plaintiff to add it by amendment to C.A. No. 10,463.

It is plaintiff's position on this appeal that the district court erred in dismissing Count I in C.A. No. 13,818, and in narrowing the class in Count II as well as in dismissing it. The Grand Lodge complains in its cross-appeal of its dismissal in C.A. No. 10,463. This latter suit is now pending in the district court on the claim for damages against the local union. We affirm on the appeal and cross-appeal.

## I.

■ We turn to Count I in C.A. No. 13,818 in which plaintiff sought restoration of his employee status and damages for discharge. The district court concluded that the controlling issues of fact surrounding plaintiff's dismissal from his employment with the Grand Lodge were determined adversely to plaintiff in a prior proceeding before the National Labor Relations Board which was affirmed by this court in Nix v. NLRB, 5 Cir. 1969, 418 F.2d 1001. This earlier determination was held to preclude recovery by plaintiff on Count I. We agree. See, H. L. Robertson & Associates, Inc. v. Plumbers Local Union No. 519, 5 Cir. 1970, 429 F.2d 520; Painters District Council No. 38, etc. v. Edgewood Contracting Co., 5 Cir. 1969, 416 F.2d 1081.

## II.

■ As to Count II of the C.A. No. 13,818, both plaintiff and the Grand Lodge take exception to the ruling of the district court. The Grand Lodge contends that no class action will lie on the free speech question presented in connection with Article L, § 3, of the IAM constitution. Plaintiff contends that the court erred in narrowing the class from all members of the Grand Lodge to only those members against whom the provision was being invoked.

On the authority of Golden v. Zwickler, 1969, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113, the district court determined that no justiciable "controversy" is present except where Article L, § 3 of the IAM constitution is being invoked against union members. For that reason the district court limited the class to such persons. We agree that only then would the judicial resolution be limited to " * * * concrete legal issues, presented in actual cases, not abstrac-

tions * * *" United Public Workers of America v. Mitchell, 1947, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754.

We conclude that there is no merit in either the appeal or cross-appeal as to Count II of the complaint. The cause of action asserted can be included by amendment to C.A. No. 10,463. Plaintiff will not be harmed by such a course and the district court was well within its case management discretion in the action taken. This leaves the matter in the posture where the district court can determine, in the event of amendment, as its order contemplates, whether the matter should proceed as a class action at all, depending on whether the requisites of Rule 23, F.R.Civ.P., are met.

## III.

■ The last issue arises under the cross-appeal of the Grand Lodge wherein it is contended that the district court erred in permitting its dismissal by stipulation under Rule 41(a) (1), F.R.Civ. P.,[1] by plaintiff.

Although no answer had been filed, the Grand Lodge contends that before plaintiff filed his notice of dismissal, it had filed motions which, for purposes of Rule 41(a) (1), should be considered motions for summary judgment which precluded dismissal under the Rule. These motions were based on four grounds: (1) insufficiency of service of process; (2) lack of subject matter jurisdiction; (3) a failure to state a claim upon which relief could be granted; and (4) *res judicata*.

No affidavits or other matters outside the pleadings pertinent to (3) or (4) above (motions filed pursuant to Rule 12(b) (6), F.R.Civ.P.), were submitted by the Grand Lodge so as to convert the motions into motions for summary judgment under Rule 56 as provided in Rule 12(b), F.R.Civ.P. By no stretch of the

---

1. "(a) *Voluntary Dismissal: Effect Thereof.*
   (1) By plaintiff; by Stipulation. * * * an action may be dismissed by the plaintiff without order of court (i) by filing a

notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs * * *."

imagination can the Xerox copies of opinions of this court, attached to a memorandum of law submitted by the Grand Lodge in connection with the Rule 12(b) (6) motions be said to constitute matters outside the pleadings sufficient to transform a Rule 12(b) (6) motion into a motion for summary judgment. Cf. Miller v. Reddin, 9 Cir. 1970, 422 F. 2d 1264.

The district court did not err in allowing the Rule 41(a) (1) dismissal.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.