**Beryl BERNAY, Appellant,**

v.

**Jeanne M. SALES, Appellee.**

**No. 79–628.**

District of Columbia Court of Appeals.

Submitted Jan. 9, 1980.

Decided Sept. 4, 1981.

---

William L. Fallon, Washington, D. C., was on brief for appellant.

A. Slater Clarke and Robert W. Rifkin, Bethesda, Md., were on brief for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges.

PER CURIAM:

This case presents a single question: whether the trial court erred in allowing the plaintiff, appellee Jeanne M. Sales, to enter a voluntary dismissal without prejudice of her suit against the defendant, appellant Beryl Bernay, after appellant had filed a motion to dismiss for failure to state a claim for which relief can be granted. We hold that appellant's bare motion to dismiss for failure to state a claim did not deprive appellee of her right to voluntary dismissal under the terms of Super.Ct. Civ.R. 41(a)(1)(i), and we decline to bend the rule to reach the opposite result. Thus, we affirm.

I.

On November 9, 1978, appellee, Jeanne M. Sales, a resident of the District of Columbia, filed in Superior Court a complaint against appellant, Beryl Bernay, a resident of New York. The complaint alleged alienation of affection and criminal conversa-

tion, arising from appellant's relations with appellee's husband "in the late spring of 1978, and during the summer of 1978."

Appellant did not appear in the action, and on December 20, 1978, the clerk entered default against her. On January 18, 1979, having received notice of the entry of default, appellant made a special appearance for the purpose of filing "Defendant's Motion to Dismiss or Alternatively Defendant's Motion to Quash Service of Process." The motion requested dismissal of the complaint with prejudice, and the supporting memorandum of points and authorities presented several possible grounds for relief: (1) lack of subject matter jurisdiction, see Super.Ct.Civ.R. 12(b)(1); (2) lack of personal jurisdiction, see id. R. 12(b)(2); (3) forum non conveniens, see D.C. Code 1973, § 13–425; (4) insufficiency of service of process, see Super.Ct.Civ.R. 12(b)(5); and (5) failure to state a claim for which relief can be granted, see id. R. 12(b)(6). Also accompanying the motion were four affidavits. Appellee filed an opposition to this motion.

On March 26, 1979, the date set for the hearing on appellant's motion to dismiss, appellee filed an ex parte praecipe of voluntary dismissal. The motions judge, then Superior Court Judge William C. Pryor, approved the praecipe. Later, however, apparently at appellant's request, Judge Pryor amended the praecipe to read "with prejudice with leave to seek costs." Appellee then filed a motion for reconsideration, objecting to the conditions that the court had inserted in the praecipe of dismissal. On April 19, after a hearing, Judge Pryor voided the praecipe.

Shortly thereafter, on April 24, 1979, appellee filed and served on appellant a notice of dismissal of the action. On May 2, after a hearing, Judge John R. Hess accepted appellee's notice of voluntary dismissal. Appellant moved to reconsider, but on May 24 the court by memorandum order again ruled that under Super.Ct.Civ.R. 41(a)(1)(i), appellee could dismiss her complaint without prejudice as a matter of right.

Appellant timely appealed this order. See D.C. Code 1973, § 11–721(a)(1); D.C. App. R. 4 II(a)(1). A divided panel of this court originally reversed and remanded the case. See Bernay v. Sales, D.C.App., 424 A.2d 123 (1980). Following a petition for rehearing, we now affirm.

## II.

■ Appellant's principal contention is that the trial court should have considered appellant's motion to dismiss for failure to state a claim as a motion for summary judgment, which would have precluded appellee's voluntary dismissal. We conclude that the affidavits and legal memorandum submitted by appellant in support of her motion to dismiss were insufficient to convert that motion into a motion for summary judgment. Accordingly, her challenge to the voluntary dismissal on this ground fails.

Superior Ct.Civ.R. 41(a)(1)(i) permits a plaintiff voluntarily to dismiss an action without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs ...."[1] A court must treat a

---

1. Super.Ct.Civ.R. 41(a) provides in full:

    (a) VOLUNTARY DISMISSAL: EFFECT THEREOF.

    (1) BY PLAINTIFF; BY STIPULATION. Subject to the provisions of Rule 23(e), of Rule 66, and of any applicable statute, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismiss-

al is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

    (2) BY ORDER OF COURT. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be

motion to dismiss for failure to state a claim for which relief can be granted, Super.Ct.Civ.R. 12(b)(6), as a motion for summary judgment, *id.* R. 56, when "matters outside the pleading are presented to and not excluded by the court." *Id.* R. 12(b);[2] *see Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam); *Doolin v. Environmental Power Ltd.,* D.C.App., 360 A.2d 493, 496 n.5 (1976). *See generally* Annot., 2 A.L.R.Fed. 1027 (1969 & Supp.1980); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1366 (1969 & Supp.1981).[3] Accordingly, a defendant's 12(b)(6) motion to dismiss, if supported by "matters outside the pleading," deprives a plaintiff of the right of voluntary dismissal. *See Nix v. Fulton Lodge No. 2, International Association of Machinists,* 452 F.2d 794, 798 (5th Cir. 1971), *cert. denied,* 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). *See generally* 5 Moore's Federal Practice ¶ 41.02[3] (2d ed. 1981 & Supp.1981); 9 C. Wright & A. Miller, *supra* § 2363 (1971 & Supp.1981).

The material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b)(6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers,* 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath,* 90 U.S.App.D.C. 195, 197–98, 196 F.2d 20, 22–23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super.Ct.Civ.R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment. *See Nix, supra* at 798; note 3 *supra.*

■ Appellant did submit a memorandum of points and authorities addressing her theory that appellee had failed to state a claim for which relief could be granted. She contended that appellee's cause of action had been abolished in both the District of Columbia, *see* D.C. Code 1978 Supp., § 16–923, and in New York, *see Hanfgarn v. Mark,* 274 N.Y. 22, 27, 8 N.E.2d 47, 48, *modified,* 274 N.Y. 570, 10 N.E.2d 556, *appeal dismissed,* 302 U.S. 641, 58 S.Ct. 57, 82 L.Ed. 498 (1937). Memoranda of points and authorities, however, do not constitute "matters outside the pleadings" under Rule 12(b). *Kron v. Young & Simon, Inc.,* D.C. App., 265 A.2d 293, 295 (1970); *Richardson, supra* at 335 n.4, 335 F.2d at 998 n.4; *Sardo,*

dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

2.  Super.Ct.Civ.R. 12(b) provides in full:
    (b) HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) [VACANT], (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state claim upon which relief can granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

3.  This conversion can occur only with a motion to dismiss under Rule 12(b)(6), not with a motion to dismiss under any other subsection of Rule 12(b). 5 Wright & Miller, *supra* § 1366, at 676; *see Riley v. Titus,* 89 U.S.App.D.C. 79, 81 n.1, 190 F.2d 653, 655 n.1, *cert. denied,* 342 U.S. 855, 72 S.Ct. 82, 96 L.Ed. 644 (1951); Super. Civ.R. 12(b); note 2 *supra.*

*supra* at 198, 196 F.2d at 23; *Nix, supra* at 797–98.[4]

The trial court therefore properly ruled that appellant's 12(b)(6) motion to dismiss was not equivalent to a motion for summary judgment and did not bar appellee's voluntary dismissal of the action.

### III.

On authority of *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), this division originally voted to reverse and remand this case, with leave for appellee to seek voluntary dismissal with court approval under Super.Ct. Civ.R. 41(a)(2). *See Bernay, supra* at 125, 129. On reconsideration, however, following the petition for rehearing, we decline to follow the *Harvey* exception to the right of voluntary dismissal under Rule 41(a)(1)(i).

■ In *Harvey, supra*, the Second Circuit placed an equitable limitation on the plaintiff's right of voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i). Harvey Aluminum, Inc. (Harvey) had sued American Cyanamid Co. (Cyanamid), seeking specific performance of a contract for the sale of certain of Cyanamid's assets located in British Guiana and a preliminary injunction prohibiting the sale or transfer of those assets to any third party. *Harvey, supra* at 106–07. The trial court denied the preliminary injunction on the ground, among others, that Harvey stood only a slim chance of success on the merits. *Id.* at 107. Fearing that Harvey would sue in British Guiana, Cyanamid obtained an ex parte order directing Harvey to show cause why it should not be enjoined from bringing the same cause of action in any other jurisdiction. *Id.* Instead of responding, Harvey filed a notice of voluntary dismissal. *Id.* The court denied Cyanamid's subsequent motion to vacate the notice of dismissal, and Cyanamid appealed that order. *Id.*

On appeal, the Second Circuit reversed. In an opinion by Judge Augustus N. Hand, the court held that Harvey had not been entitled to voluntary dismissal. *See id.* at 108. The court reasoned that "[t]he purpose of this rule [Fed.R.Civ.P. 41(a)(1)] is to facilitate voluntary dismissals, but to limit them to an early stage of the proceedings before issue is joined." *Harvey, supra* at 107. The court noted the large amount of time and effort Cyanamid had expended defending against Harvey's motion for a preliminary injunction. *See id.* at 107. The court further reasoned that "the merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its conclusion that plaintiffs' chance of success on the merits was small." *Id.* at 107–08. The court concluded that although Cyanamid had filed no "paper labeled 'answer' or 'motion for summary judgment' . . . ., a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Id.* at 108.

Our research has revealed no case in this jurisdiction that has considered *Harvey's* limitation of the right to voluntary dismissal under Rule 41(a)(1)(i).[5] Courts in other

---

**4.** We note, however, that a trial court may be within the bounds of its discretion in treating a Rule 12(b)(6) motion as a motion for summary judgment if the court gives the parties notice of its intention to consider summary judgment and an adequate opportunity to present affidavits or other matters appropriate to a ruling on such a motion. *See, e. g., Kron v. First Fed. Sav. & Loan Ass'n*, 449 F.2d 865, 867 (5th Cir. 1971); *Scott v. Dollahite*, 54 F.R.D. 430, 432 (N.D.Miss.1972). *See generally* 5 C. Wright & A. Miller, *supra* § 1366, at 678–79.

**5.** The only case, federal or local, in this jurisdiction that has even cited *Harvey* is *D.C. Transit System, Inc. v. Franklin*, D.C.Mun.App., 167 A.2d 357 (1961). The question presented there was whether the trial court had abused its discretion in granting a motion to dismiss under Rule 41(a)(2)—not, as here, whether the plaintiff had a right to dismiss under Rule 41(a)(1)(i). *See D.C. Transit System, Inc., supra* at 358. By analogy to *Harvey*, the appellant there argued that dismissal under Rule 41(a)(2) should be restricted "to an early stage of the proceedings." *Id.* at 358. The court held, however, that the trial court had been within its discretion in granting the motion to dismiss. *See id.* at 358–59.

jurisdictions—including the Second Circuit—have criticized and refused to follow the case. *See, e. g.. Thorp v. Scarne*, 599 F.2d 1169, 1174–76 (2d Cir. 1979); *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 297–98 (6th Cir. 1975); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914, 916–17 (5th Cir.), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); *Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir. 1958). *See generally* 5 Moore's *supra* ¶ 41.02[3], at 41–32 to –34; 9 C. Wright & A. Miller, *supra* § 2363, at 156–58.

■ We believe this reluctance to permit judicial restriction of the right of voluntary dismissal specified in Rule 41(a)(1)(i) is sound. At common law a plaintiff had a right to dismiss suit without prejudice at any stage of the litigation until a verdict was reached or a judgment entered. *American Electrotype Co. v. Kerschbaum*, 70 App.D.C. 241, 242, 105 F.2d 764, 765 (1939) (per curiam). The purpose of Rule 41(a)(1), originally adopted in 1937, was to confine the right of voluntary dismissal "to an early stage of the proceeding," *Littman, supra* at 480: a plaintiff could dismiss as of right only before the defendant served an answer. *See* 5 Moore's, *supra* ¶ 41.01[2]. In 1946, the rule was amended to include service of a motion for summary judgment by the adverse party as a further limitation on the plaintiff's right to dismiss. *See id.* ¶ 41.01[4]. *See generally D.C. Electronics, Inc., supra* at 296–97.

*Harvey* stands in derogation of the compromise reflected in Rule 41(a)(1)(i) as to the ease and frequency with which a plaintiff can dismiss a suit without prejudice. *See Thorp, supra* at 1175–76. *Harvey*, moreover, presents an awkward and potentially inequitable alternative to the rule: the pertinent considerations under *Harvey* —whether the defendant has undertaken a sufficiently large "amount of research and preparation," *id.* at 107, whether "the merits of the controversy [have been] squarely raised," *id.*, and whether "the plaintiff['s] chance of success on the merits [is] small," *id.* at 107–08—are vague tests, susceptible

of not only broad but inconsistent applications. *See Pilot Freight Carriers, Inc., supra* at 916. The Second Circuit itself has expressed eloquently the weakness in the *Harvey* approach:

> [W]hile *Harvey Aluminum* may have furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings, it did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action. [*Thorp, supra* at 1175.]

*Accord, D.C. Electronics, Inc., supra* at 297; *Pilot Freight Carriers, Inc., supra* at 916.

Rule 41(a)(1), moreover, gives a defendant reasonable protection against repetitious, vexatious litigation. A defendant has the power to cut off a plaintiff's unilateral right to voluntary dismissal by filing an answer or a motion for summary judgment (or the equivalent Rule 12(b)(6) motion accompanied by "matters outside the pleadings"). *Thorp, supra* at 1176; *D.C. Electronics, Inc., supra* at 298; *see* Super.Ct. Civ.R. 41(a)(1)(i). The rule also allows the plaintiff only one voluntary dismissal without prejudice; the second comes with prejudice. *Thorp, supra* at 1176; *D.C. Electronics, Inc., supra* at 298; Super.Ct.Civ.R. 41(a)(1)(i).

In this case, appellant filed a motion to dismiss appellee's suit with prejudice on various grounds, including failure to state a claim, and attached four affidavits relating to the alleged inadequacy of service of process. This motion was insufficient to bar voluntary dismissal under the express terms of Super.Ct.Civ.R. 12(b) and 41(a)(1)(i). *See* Part II *supra*.

Looking at this case in light of the *Harvey* exception to the plaintiff's right of voluntary dismissal, we recognize that a defendant's Rule 12(b)(6) motion may require considerable "research and preparation," *Harvey, supra* at 107, and may "squarely raise[ ]" the merits of a case. *Id.* In this case, however, because appellee filed her notice of voluntary dismissal before the

hearing on appellant's Rule 12(b)(6) motion, the trial court had no occasion to pass on the merits of the defense. In these circumstances, in order to determine whether appellee's chances of success on the merits were sufficiently small to limit her right of voluntary dismissal under the *Harvey* exception, we would be required, in effect, to rule on appellant's Rule 12(b)(6) motion ourselves.

If we were to do so, we would be inviting any defendant whose motion to dismiss with prejudice under Rule 12(b)(6) has been frustrated by a plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(i) to petition the trial court (and, if necessary, this court) to block the voluntary dismissal on the theory that if the trial court had had a chance to rule on the Rule 12(b)(6) motion, it should have granted it. If the trial court agreed with the defendant, it could block the plaintiff's voluntary dismissal and then consider whether, notwithstanding a meritorious Rule 12(b)(6) motion, it should exercise its discretion to allow dismissal under Super.Ct.Civ.R. 41(a)(2). If the trial court disagreed with the defendant, it would permit the dismissal on the ground that the Rule 12(b)(6) motion, which the dismissal precluded its deciding, would have lacked merit in any event. Beyond these incongruities, it is even conceivable that the court's determination of the merits of the Rule 12(b)(6) motion would have res judicata effect in the event the plaintiff filed a second suit. In short, this pursuit would be wasteful of judicial resources and contrary to Rule 41(a)(1)(i), which implicitly allows a plaintiff to dismiss a suit voluntarily notwithstanding the filing of a Rule 12(b)(6) mo-

tion—even a meritorious one—unless the defendant has supported the Rule 12(b)(6) motion with "matters outside the pleadings" and thus converted the Rule 12(b)(6) motion into a motion for summary judgment.

If we were to hold that appellant's Rule 12(b)(6) motion to dismiss, supported only by a memorandum of law, blocked appellee's right to voluntary dismissal under the *Harvey* exception, moreover, we would come uncomfortably close to holding that any Rule 12(b)(6) motion (whether or not supported by "matters outside the pleadings") bars voluntary dismissal under Rule 41(a)(1)(i). If such a change in Super.Ct. Civ.R. 41(a)(1)(i) is desirable, the rule should be amended so to provide. This court, however, will not take that task upon itself either overtly (by construing the rule to include a Rule 12(b)(6) motion, as such, among the limitations on a plaintiff's right to dismiss),[6] or covertly by importing the *Harvey* rule into this jurisdiction.

*Affirmed.*

KELLY, Associate Judge, dissenting:

As a member of this division, I adhere (overtly) to the original, reasoned, majority opinion in this case. *Bernay v. Sales*, D.C. App., 424 A.2d 123 (1980). Thus I am in dissent.

---

**6.** In *Tele-Views News Co. v. S.R.B. TV Publishing Co.*, 28 F.R.D. 303 (E.D.Pa.1961), the court rejected the *Harvey* gloss on Rule 41(a)(1)(i). *see id.*, at 304–05, but on reargument held that a Rule 12(b)(6) motion to dismiss was the equivalent of a motion for summary judgment, whether or not the defendant had presented "matters outside the pleadings." *See id.* at 307–08. Moore has characterized *Tele-Views*

*News* as itself placing "an unwarranted gloss upon the rule," 5 Moore's, *supra* ¶ 41.02[3], at 41–32 n.10, while Wright and Miller have stated that *Tele-Views News* presents "a powerful argument—but it seems better addressed to the Advisory Committee on Civil Rules." 9 C. Wright & A. Miller, *supra* § 2363, at 156 n.30. *See also Thorp, supra* at 1175–76; *Pilot Freight Carriers, Inc., supra* at 916–17.